HARRY RAUCHWANGER ET AL. v. MORRIS KATZIN.

Submitted December 7, 1911—Decided March 8, 1912.

Where an owner of real estate contracted with an agent to pay him a certain commission upon "the day of settlement," and the agent sold the property for a satisfactory figure, but the owner refused to convey mainly because of his wife's dissatisfaction— *Held*, that the agent had completed his contract and was entitled to his compensation and that defendant could not legally deprive him thereof by refusing to fix "a day of settlement."

On appeal from the Second District Court of the city of Newark.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the plaintiff, *Charles Elin.*

For the defendant, *Philip J. Schotland.*

The opinion of the court was delivered by

MINTURN, J. The Second District Court of the city of Newark certified the testimony and findings which present the state of the case in this action.

The defendant, Katzin, entered into the following agreement with the plaintiff:

"I, the undersigned, Morris Katzin, do hereby authorize Harry Rauchwanger and Moses Arnowitz to act as our agents and procure a purchaser of our property No. 72 Montgomery

street, and do hereby agree to pay them as services for their commission two and one-half per cent. commission on the purchase price, should same property be sold through efforts or with their aid, and to be paid on day of settlement."

The trial court found that the plaintiffs found a purchaser ready and willing to purchase the property at a price that was satisfactory to the defendant, but that, owing to the objections of the defendant's wife to convey and the further fact that the defendant insisted as a condition of settlement that the plaintiffs reduce their claim for commission to the extent of $100, no "day of settlement" was ever reached or fixed, and upon that ground the defendant in this suit contests payment of the plaintiffs' claim for commissions.

. The facts plainly evince that the plaintiffs performed their part of the contract by procuring a purchaser ready and willing to take title, and therefore under the well-settled rules of law were entitled to recover the commissions provided for in the contract. *Crowley* v. *Myers,* 40 *Vroom* 245.

The trial court having found these facts in favor of the plaintiffs, their right to recover the stipulated compensation is manifest, unless we can, upon the authority of *Hinds* v. *Henry,* 7 *Vroom* 328, support the contention of the defendant that the day of payment of the compensation must be postponed *ad infinitum,* because perchance the day of settlement contemplated in the agreement may never be fixed by the defendant. The case of *Hinds* v. *Henry* was based upon an agreement which contained a time limit within which the agent might consummate his agreement. That limitation was subsequently extended by agreement of the parties, and finally the proposed purchaser refused to complete his purchase upon the ground of an alleged defect in the title. Mr. Justice Depue there enunciated the principle of law applicable to those facts, that where the parties have by special agreement fixed their rights and liabilities, they must be bound by the terms of the contract.

The rule thus enunciated was not intended to work injustice by putting it within the power of a vendor, after the agent has fulfilled his part of the contract, to postpone indefinitely the

day of settlement, and thereby deprive the agent of the fruits of his labor and enable the vendor to profit by his own malfeasance. *Actus legis nemini facit injuriam.* Milbourn v. Ewart, 5 T. R. 381.

The case of *Sadler* v. *Young*, 49 *Vroom* 594, fixes the personal liability of the agent for the commissions earned by performance, where the other party to the contract is unable to perform by reason of the fact that he is not vested with the title to the property in question.

In the case at bar, the trial court found as facts, by which finding we are concluded, where there is evidence to sustain it, that the defendant was owner of the premises and in a position to convey, but based his declination to do so upon pretexts that could have for their purpose only the defeat of the claim in suit.

The judgment will be affirmed.