NATHAN STEINBERG, RESPONDENT, v. CELIA MINDLIN, APPELLANT.

Argued March 7, 1921—Decided June 20, 1921.

1. In the absence of a special agreement, a real estate broker, acting by virtue of a written agreement, earns his commission when he secures a buyer on the seller's terms either as originally propounded or as settled by agreement between the seller and buyer.

2. Where a written agreement provides for a stated commission for the broker therein named "if he shall be instrumental in procuring a purchaser" for the property described therein, and further provides that "this agreement shall hold good only if the property is sold to a purchaser introduced" to the owner by the broker, the word "sold" means the success of the broker in getting the buyer and seller together upon terms of sale, and under such a contract the seller cannot deprive the broker of the stated commission by refusing to carry out the terms of sale thus settled unless the broker would waive his commission.

3. Where by contract in writing the owner authorized a broker to procure a purchaser for real estate therein described, and agreed to pay him a commission therein stated if the property was sold to a purchaser introduced to the owner through the broker, the contract satisfies section 10 of the statute of frauds (*Pamph. L.* 1918. *p.* 1020) as against an objection that it does not set out all the terms of sale.

On appeal from the Essex County Circuit Court.

For the appellant, *Jacob L. Newman.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below had the verdict and the defendant appealed from the consequent judgment.

The action was brought by the plaintiff, a real estate broker, to recover commissions amounting to $1,500, which he claimed for services rendered as broker for the defendant under an authorization in writing which reads as follows:

"I, Celia Mindlin, do hereby agree to pay to Nathan Steinberg 2% commission if he shall be instrumental in procuring a purchaser for my property at the corner of Snyder & Park Streets, Orange, N. J.

"This agreement shall hold good only if the property is sold to a purchaser introduced to me through Mr. Steinberg.

"Dec. 12, 1919.

"CELIA MINDLIN,
"Per Max Mindlin, *Atty.*"

At the trial the defendant moved for a nonsuit and for a direction of a verdict, and the grounds of appeal are based upon the denial of these motions.

We are of the opinion that the action of the trial judge was proper.

The first point is that "the agreement was a contingent one, and the contingency not having occurred, the agent cannot recover compensation."

We see no merit in the point.

In the absence of a special agreement, a real estate broker, acting by virtue of a written agreement, earns his commission when he secures a buyer on the seller's terms either as originally propounded or as settled by agreement between the seller and buyer. *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358; *Homan* v. *Griffin,* 94 *Id.* 345; *Clark* v. *Griffin,* 95 *Id.* 508.

As we have seen, the written agreement, by virtue of which the plaintiff broker acted, provided for a stated commission for the broker "if he shall be instrumental in procuring a purchaser" for the property. The evidence at the trial tended to show that the plaintiff broker secured a buyer on terms settled by agreement between the seller and buyer. The evidence was to the effect that Mr. Steinberg, the broker, introduced a purchaser named Seaman to the husband and duly authorized agent of the defendant, and that the parties then and there agreed upon all the terms and details of a sale for $75,000.

But it further appeared that after the parties had thus agreed upon the terms of purchase, and the attorney of the purchaser (who was present) had produced a blank form of contract to fill out, Mr. Mindlin, the representative of the seller, said he would not execute the contract unless the plaintiff broker would abate his commission to $500 or $750. This the plaintiff declined to do and the matter fell through for that reason alone.

Now the defendant points to the second paragraph of the commission agreement which says that "this agreement shall hold good only if the property is sold to a purchaser introduced to me through Mr. Steinberg," and contends that there was no sale and therefore could be no recovery.

The matter turns on the meaning to be given to the word "sold" by itself and considered with the context.

Does it mean "conveyed" or contracted by binding contract?

Or does it mean, purchaser and seller agreed on the terms?

Ordinarily it means the last when used in a broker's commission contract. A broker employed merely to secure a purchaser has no implied authority to make a binding contract of sale in behalf of his principal. *Morris* v. *Ruddy,* 20 *N. J. Eq.* 236; *Scull* v. *Britton,* 55 *Id.* 489; *Dickinson* v. *Updike,* 49 *Atl. Rep.* 712. But, as we have pointed out, the broker earns his commission when he secures a buyer on the seller's terms either as originally propounded or as settled by agreement between the seller and buyer.

And it is clear that the context does not indicate any different meaning to the word "sold" than the success of the broker in getting the buyer and seller together on terms of sale. The agreement in the first clause is to pay commissions for the *procurement of a purchaser,* and in construing the second clause we should emphasize not the word *sold* so much as the words "to a purchaser introduced to me through Mr. Steinberg." This case is clearly distinguishable from *Morse* v. *Conley,* 83 *N. J. L.* 416, and *Leschziner* v. *Bauman, Id.* 743, where by the terms of the agreement the commission was payable only on the actual conveyance of the property. Cer-

tainly, in the present case, the word "sold" should not be held to mean that the seller could utilize it to deprive the broker of the commission which the seller had agreed to pay, by refusing to carry out the settled terms of sale unless the broker would waive his commission. *Rauchwanger* v. *Katzin*, 82 *Id*. 339.

It is next insisted that the commission agreement was not sufficient to satisfy section 10 of the statute of frauds (*Pamph. L.* 1918, *p.* 1020), in that it did not set out all the terms of sale.

But that is not so. By the contract the owner, in effect, authorized the broker to procure a purchaser for the sale of her property described therein and agreed to pay him a commission therein stated if the property was sold to a purchaser introduced to her through the broker. Such an agreement is sufficient as against an objection that it does not set out all the terms of sale. *Clark* v. *Griffin, supra.*

Lastly, it is argued that the defendant's husband had no authority to bind her as to the terms of sale.

To this it is sufficient answer to say that there was ample evidence to render that a jury question. The motions for a nonsuit and a direction were therefore rightly denied.

These considerations, in effect, dispose of every question argued.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.