LOUIS L. LEHRHOFF, PLAINTIFF-APPELLEE, v. JACOB SCHWARTSKY AND HARRY R. GOLDBERG, DEFEND-ANTS-APPELLANTS.

Decided May 7, 1924.

### Sale of Land—Agents' Contract for Commission—Purchaser Found But Sale Not Consumated—Liability of Owner Under the Contract.

On appeal from a judgment of the Second Judicial District Court of the county of Essex.

Before Justices KALISCH and KATZENBACH.

For the appellants, *Jay & McTague* (*William C. McTague,* of counsel).

For the appellee, *Abraham Henig.*

PER CURIAM.

The plaintiff's action in the court below was founded upon the following agreement:

"We, Jacob Schwartsky and Harry R. Goldberg, do hereby agree to pay Louis Lehrhoff and Jacob Steinberg three hundred dollars ($300) as commission for services rendered in the sale of premises No. 241 Chadwick avenue, Newark, N. J., said amount to be paid to the above Louis Lehrhoff and Jacob Steinberg on the date of closing title to said premises.

(Signed) JACOB SCHWARTSKY,
HARRY R. GOLDBERG."

The state of the case, as settled by the judge, shows that he found from the testimony before him that the plaintiff and Steinberg procured the purchaser and brought the prospective vendor and vendee together, which fact was not in dispute. The court further found from the testimony that

23

the vendor was to convey the property to the vendee by warranty deed, free from all encumbrances, except a mortgage of $10,000, held by the Atlantic Building and Loan Association, and that the title to the property was to pass on June 15th, 1922. The title did not pass on the date fixed, as appears from the finding of the court, for the reason that there were some imperfections in the title and that the vendor refused to convey, though the vendee then and there tendered to the vendor the purchase price of property as agreed upon.

The only ground upon which payment of the plaintiff's claim was resisted, by appellants, was resented by the motion for a nonsuit, and rested entirely upon the construction to be given to the contract for commissions. For the appellants, the contention was that the commissions were not to be paid unless the title to the property had actually passed from the prospective vendor to the prospective vendee. This argument is builded upon these words in the commission contract, "amount to be paid to the above Louis Lehrhoff and Jacob Steinberg *on the date of closing title to said premises.*"

We think the court adopted a construction consonant with sound sense, in holding that the words imported that the commissions should be paid on the day set for closing the title, and that the payment of commissions was not made dependent upon the actual passing of title to the property. This ruling was in line with the decision by this court in *Ranchwanger* v. *Katzin,* 82 *N. J. L.* 339, where words of a similar nature were used in the contract. The motion for a nonsuit was properly refused. Undoubtedly, a vendor may protect himself against paying commissions until an actual sale of the property has been made by the passing of title by using words to that effect, but even then it might be questionable whether he could properly escape liability if he capriciously refused to carry out his bargain.

No such case, however, is before us and, therefore, requires no expression of opinion.

Judgment is affirmed, with costs.