ARTHUR ROONEY, APPELLEE, v. BERTHA GREINER AND CLARA MAIER, APPELLANTS.

Submitted May, 15, 1925—Decided October 1, 1925.

Sale of Real Estate—Commissions—No Written Authority Speci-' fying Rate, and Reliance is on Amendments of 1918—Notice Containing Price and Commission Duly Served—Writing Complied With Statute—Broker Did Produce Purchaser Ready, Willing and Able to Buy at Seller's Terms, Though Terms Were More Favorable Than Those Mentioned in Notice—Judgment For Plaintiff Affirmed.

On appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *Charles H. Blohm.*

For the appellee, *John N. Platoff.*

PER CURIAM.

This is a suit by a broker for commissions on sale of real estate. There was no written authority specifying rate of commission, as required by the original section 10 of the statute of frauds, and the reliance was on the amendments of 1918, page 1020. The questions to be determined were whether the plaintiff was actually employed and promised a commission, whether he secured the purchaser to whom defendants made the sale and whether, within the five days provided by the act, he served on defendants the notice speci- fied in the act in due form. The court below found for the plaintiff, and in that finding we concur.

Four points are made for appellants, and we take them up in order.

1. That there was no evidence to show that plaintiff was employed by defendants prior to the alleged service of the writing admitted in evidence.

The testimony indicates that defendant Mrs. Greiner procured plaintiff to appraise the property, and he asked her to give him a chance if she wanted to sell it, to which she assented; that later she sent for him, and he explained the various brokerage methods and asked her for a written authority; that she put him off, saying she wished to talk it over with her son. Plaintiff made out a writing and asked her to sign it, but she refused at that time. That on the next evening he saw the son, who said the writing was satisfactory, but that his mother would not sign it because she wished to use other brokers as well as plaintiff. That plaintiff said he would go ahead all the same. That the defendants asked him what the commission was, and he said three and one-half per cent., as stated in the writing, and they agreed to pay that; that this was at the time he listed the property, and that he served the notice relied on the next day, and read it to Mrs. Greiner, who said that it correctly expressed the price and the commission. If the judge, sitting without jury, believed this testimony, he would necessarily find in favor of plaintiff as to the employment.

2. That the writing does not comply with the statute.

The act requires it to state "the terms of the oral agreement and the amount of commission to be paid thereunder."

The paper identifies the property and states the price and the rate of commission. We find nothing in the case to show that any specific terms of sale other than this were mentioned between the parties. Defendants offered no testimony, but rested on the plaintiff's case. We think the paper answered the requirements of the statute.

3. That plaintiff did not produce a purchaser ready, willing and able to buy at the seller's terms, and

4. There is no evidence that plaintiff actually effected the sale.

The evidence is that plaintiff produced and introduced a prospective purchaser named Duryea, who liked the house but would not take it at the asking price of $12,000, but entered into negotiations with the defendants and ultimately became the purchaser at $10,500. This seems to bring the

case directly within the manifest intent of the statute of 1918, that the broker who serves notice as therein contemplated shall be entitled to commission when he shall "actually effect the sale" before termination of his employment by the owner, and even in case of such termination of the sale to the client introduced by the broker, and with whom negotiations are pending is subsequently consummated between such owner and such customer.  The memorandum of the trial judge, while not expressly so stating, carries the clear implication that the plaintiff effected the sale.

The judgment will be affirmed.