EDWARD O. SMITH, PLAINTIFF-APPELLANT, v. JOSEPH
PAZEN AND SARAH PAZEN, DEFENDANTS-APPEL-
LEES.

Submitted May 13, 1927—Decided August 26, 1927.

Sale of Real Estate—Broker's Commissions—Contract Provided
That "Regular Brokerage Commission" Shall be Paid—Held,
That This Does Not Comply With the Statute of Frauds.

On appeal from the Hudson Circuit.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Charles Hershenstein.*

For the appellees, *David M. Klausner.*

PER CURIAM.

Appellant brought suit to recover brokerage on a contract
for exchange of properties in West New York and Ramsey,
New Jersey. The contract provided: "It is understood and
agreed that E. O. Smith, broker, of 494 Jackson avenue,
Jersey City, N. J., is the broker who consummated this ex-
change, and the respective parties hereby agree to pay the
said E. O. Smith the regular brokerage commission on their
respective properties as per prices mentioned in this agree-
ment."

The appellees moved to strike out the complaint upon the
ground that it did not comply with the statute of frauds
in that the rate of brokerage was not fixed by the brokerage
agreement upon which the action was based. The appellees
contended that the statute was satisfied in this particular
inasmuch as the real estate brokers of Hudson county had
established and fixed a schedule of rates.

The complaint was struck out upon authority of *Hueth* v.
*Stevenson,* 100 *N. J. L.* 1, which holds: "A provision in a
brokerage contract for the sale of land, that in case the broker

shall procure a purchaser for the property the owner 'will allow you the legal rate of commission,' will not support an action brought by the broker to recover such commission. The tenth section of the statute of frauds bars such an action unless the rate of commission on the dollar is stated in the contract."

The case before us is not like unto that of *Huber* v. *Goldberg*, 92 *N. J. L.* 367, which holds: "Although in an agreement between a principal and his broker for the sale of real estate the rate of commission on the dollar is not provided for as required by the terms of section 10 of the statute of frauds, nevertheless, the fixing of a sum certain by way of commission is within the true intent and meaning of the act and the broker is entitled to recover it."

The judgment under review must therefore be affirmed, with costs.