### IRVING FIELDMAN, PLAINTIFF, v. FREDERICK G. THOMAS, DEFENDANT.

Submitted May 14, 1931—Decided December 18, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the rule, *Louis R. Freund.*

*Contra, Lehlbach, Johnson & Ormond.*

PER CURIAM.

Plaintiff brings up a verdict rendered against him by a jury after a trial at Essex Circuit. Plaintiff sued for the sum of $5,875 commissions for the sale of property of the

defendant, and in his complaint set out three counts. The first count was based upon an oral contract for the payment of such commissions followed by a letter dated the same day setting out the terms of the contract between the parties theretofore made by parol. The second count alleged that defendant as vendor and one Schnee as vendee entered into a written contract for the sale and purchase respectively of the property, such purchaser having been procured by the plaintiff, and that such agreement being made February 9th, 1928, on February 10th, 1928, the vendor and vendee agreed to cancel the agreement and in a letter written and signed by the defendant to the vendee Schnee, the defendant agreed to pay the plaintiff his commissions as broker in procuring the purchaser. The third count was not pressed and it is not necessary to consider it.

The plaintiff alleges that, under the first count, he came within the terms of the statute of 1918 providing generally that a broker or real estate agent may, in the place of the written memorandum required by section 10 of the statute of frauds, write to his client a letter setting forth the terms of his engagement, and, unless the client repudiates by notice in writing at any time, the agent may recover upon such contract. In the instant case the defendant did not repudiate the contract as set out by the plaintiff but on the contrary expressly agreed, in the written cancellation of the contract to sell, to pay the plaintiff his commission.

The court directed a verdict against the plaintiff on the first count because, as he says, "the first count indicates the cause of action brought under the statute, that the agreement made between the broker and the vendor was contingent upon the transfer of title." In this conclusion we think the court erred. The language used in the letter of the plaintiff to defendant, which forms the contract under the terms of the statute, is as follows: "As per our understanding I am to receive a commission of two and one-half per cent. of the sale price payable when title is passed." The trial court construed this language to mean that unless and until the title passed no commissions were payable.

We have not been referred to any case which passes upon the identical language, but this language does not differ essentially from such language as was used in *Rauchwanger* v. *Katzin,* 82 *N. J. L.* 339, where the owner contracted to pay commissions upon "the day of settlement." It is similar to that used in *Lehrhoff* v. *Schwartsky,* 125 *Atl. Rep.* 496, where the language was "said amount to be paid to the above. Louis Lehrhoff and Jacob Steinberg on the date of closing of title to said premises." To the same effect are *Taylor & Rose, Inc.,* v. *Buonincontri,* 101 *N. J. L.* 278, and in the court of errors and appeals (*Dermody* v. *New Jersey Realties, Inc.,* 101 *Id.* 334), where the language was "the above commission to be paid to you at the time of passing title," and other cases where language fixing the time of payment but not making such payment contingent upon the actual passing of title, is used. In other words, in this case the language fixes the time of payment and does not set up a contingency upon the happening of which such payment was to be made.

Under our cases the sale was consummated when the defendant and Schnee entered into a binding agreement for the sale and purchase respectively of the property. That such sale was actually consummated is evidenced by the agreement of February 10th between the defendant and the purchaser expressly cancelling the agreement of sale and releasing the vendor from its terms. This cancellation was at the instance of the defendant, who desired to be released from his agreement to sell. Defendant may not defeat plaintiff's claim by having himself relieved of the obligation to pass title to his vendee. *Dermody* v. *New Jersey Realties, Inc., supra.*

The conclusion above expressed renders it unnecessary to consider the other points.

The rule to show cause is made absolute, and a new trial granted as to the first count of the complaint.