JOSEPH SOLOFF, PLAINTIFF-RESPONDENT, v. ATLANTIC COAST BUILDING AND LOAN ASSOCIATION, DEFEND-ANT-APPELLANT.

Submitted May 13, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the appellant, *Endicott & Endicott.*

For the respondent, *Thompson & Hanstein.*

PER CURIAM.

This is an appeal from a judgment of the Atlantic County Court of Common Pleas entered in favor of the plaintiff by

direction of the trial judge. The suit was by a broker upon an alleged oral agreement of brokerage followed by a letter to the owner in an attempt to comply with the tenth section of the statute of frauds.

This section requires that when the broker is authorized orally to sell lands he shall within five days send the owner a notice, in writing, "setting forth the terms of such oral agreement and stating the rate or amount of commission to be paid thereunder." The notice sent in the instant case is as follows:

"This is to advise you that I have this day submitted the property known as 2519 Atlantic avenue, which was purchased by your association at the sheriff's sale today, to Joseph Stoltz of 2517 Atlantic avenue.

"In the event a sale is made, the usual brokerage commission will be expected by me."

It appears that the plaintiff obtained an offer from Stoltz which was refused by defendant. Subsequently, in direct dealings, defendant sold the property to Stoltz upon the same terms. Commission was demanded and refused, and this suit instituted.

The question here involves the sufficiency of the notice above quoted, and comes up on objection to its admission and on motion to nonsuit. Appellant contends the notice is defective in that it does not set out the terms of the oral agreement and does not state the commission to be paid.

With respect to failure to state the commission more definitely, under *Hueth* v. *Stevenson*, 100 *N. J. L.* 1, and *Smith* v. *Pazin*, 5 *N. J. Mis. R.* 832; 138 *Atl. Rep.* 513, the notice is clearly deficient. However, this objection was not raised at the trial and cannot be relied upon here.

The only objection made to the notice was that it did not set out the "terms of such oral agreement." We fail to find anything in the notice which can be considered "terms." In *Rooney* v. *Greiner*, 3 *N. J. Mis. R.* 996; 130 *Atl. Rep.* 456, it was held that a notice which identified the property, stated the price and the commission, was a sufficient statement of the terms, because those facts constituted the agreement. In

the instant case, the notice merely identifies the property, says plaintiff has submitted it to Stoltz and will expect a commission. It does not state the sale price, makes no reference to the alleged oral agreement, and does not even say there was any such agreement. The testimony did not develop what the terms of the authority were. If the plaintiff was merely to solicit offers until he found an accetpable one, this should have been set out in his letter as the terms of the oral agreement. We think the latter was not a compliance with the statute.

The judgment will be reversed, with costs.