FREDERICK P. FORMAN AND WILLIAM WEST, PLAIN-
TIFFS-RESPONDENTS, v. BEDMINSTER LAND COM-
PANY, DEFENDANT-APPELLANT.

Argued January 20, 1932—Decided November 23, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the appellant, *Insley, Vreeland & Decker.*

For the respondents, *Wall, Haight, Carey & Hartpence.*

The opinion of the court was delivered by

PARKER, J.  This is a brokers' suit for commissions on a
sale of real estate.  There was a written contract of sale
between the seller and the purchaser, which contract contained
the following clause for the benefit of the brokers as the
"statutory recognition" of the authority of the brokers to
make the sale:

"Twelfth: The seller agrees that William West and Frederick Forman are the brokers who brought about this sale and the seller agrees to pay the brokers' commission therefor, in the event that the title closes as herein provided, which commissions are in the sum of 4-1/5%."

The title did not close, apparently because it was not marketable, and was refused by the purchaser. Notwithstanding this, however, the brokers claimed their commission and the court held that they were entitled to it, refusing to nonsuit and closing the case with a direction of a verdict for the plaintiff. It is argued that there was error in refusing to nonsuit, but this error is not available because there was no exception to that ruling. However, there was an exception to the direction of a verdict after the defendant had rested without offering any evidence. It was argued in the court below that under the terms of the clause above quoted, the commission was only due in case title passed. The view taken by the court was that the restrictive clause was not binding upon the brokers unless they were parties to it; and the direction of a verdict appears to have been rested on that ground.

It appeared in the case, or at least the evidence seemed to indicate, that there was an original agreement to pay commissions without qualification, but the agreement was oral; and it was not claimed that the brokers had served any notice on the seller in protection of their rights under the amendment of 1918 to the tenth section of the statute of frauds. The respondents did not claim at the trial, and do not claim now, that if the twelfth clause in the contract of sale was all that they had to rely on they would be entitled to recover.

Our law reports for the last few years show a number of cases in which there was an attempt to make the payment of commissions conditional on the consummation of the sale by delivery and acceptance of a deed. In a majority of these cases, however, the restrictive clause in the written authority given to the broker went no farther than to state that the commission would be payable at a specified time, or at a

specified stage of the proceedings, generally on the delivery of the deed or the like; and in this class of cases the more recent view taken by our courts has been that such a clause would not deprive a broker of his right to the commission. For example, in *Rauchwanger* v. *Katzin,* 82 *N. J. L.* 339, the commission was "to be paid on day of settlement." The broker performed the service but there was no settlement and it was held that he was entitled to recover.

In *Dickinson* v. *Walters,* 100 *N. J. L.* 62 (at *p.* 65), the late Mr. Justice Kalisch remarked that "in order to absolve a party from the payment of commissions, it must clearly appear by the contract with his broker that the payment of commissions was made contingent upon the actual transfer of title."

A similar result was reached in *Taylor & Rose, Inc.,* v. *Buonincontri,* 101 *N. J. L.* 278, in which the commission clause read: "This payment to be made in cash at the time of passing of title to the above referred property."

In Dermody *v.* New Jersey Realties, in the same volume, at page 334, there was a similar result; also in *Mahlenbrock* v. *Stonehell Realty Co.,* 104 *N. J. L.* 176.

In *Kram* v. *Losito,* 105 *N. J .L.* 588, the Court of Errors and Appeals repeated the ruling that when the date of payment of commission is set for a future event, the happening of the event itself is not a condition of payment, unless directly or impliedly made so in the agreement. This was followed by *Feist & Feist* v. *Spitzer,* 107 *N. J. L.* 138, and *Fieldman* v. *Thomas,* 10 *N. J. Mis. R.* 48; 157 *Atl. Rep.* 554.

This line of cases, however, we deem to be not controlling on the case at bar because of the language of the commission clause, which, as we have seen, reads "in the event that the title closes as herein provided."

In *Leschziner* v. *Bauman,* 83 *N. J. L.* 743, the agreement was held to be contingent on completion of the sale and, failing proof of that fact, the broker was held not entitled to his commission.

In *Soloff* v. *Freedman,* 103 *N. J. L.* 403, part of the com-

mission had been paid, but there was a special agreement with regard to the balance, which agreement provided that such balance should "be paid in the event that settlement takes place," and it was held that the balance was not payable unless it was shown that the sale had been actually consummated. This case, which was in the Court of Errors and Appeals, appears to be in point and is controlling.

In *Duffy & Thomas* v. *Miller,* 5 *N. J. Mis. R.* 77, the language is somewhat stronger; "no money is to be paid unless title actually passes." Here also the broker was held not entitled to recover unless title passed.

In *Apfelbaum* v. *Topf,* 104 *N. J. L.* 344, the Court of Errors and Appeals affirmed a nonsuit in a case where the written employment of the broker distinctly specified that vendor should not be under any obligation to pay any commission if for any reason not due to his default title is not closed and the full consideration paid.

The first question is, therefore, whether as a matter of construction clause 12 of the present case makes the commission payable only upon the contingency that title closes according to the contract. In view of the authorities last cited, we are clear that the commission is contingent.

Counsel for respondents nevertheless argue that the rule should not apply because the evidence shows that the brokers had been employed by word of mouth, and that defendant had agreed orally to pay the commission; and that in consequence of these facts, when the twelfth clause was inserted in the agreement of sale, to which the brokers were not formal parties, the restriction was not binding upon them although the written recognition of the brokers in the contract inured to their benefit. This argument, however, seems to us fanciful.

It is clear that the oral agreement to pay a commission to the brokers was unenforceable under the statute. When the defendant undertook to recognize the brokers in the contract of sale, it did so in a qualified manner by providing that the commission should be paid only in the event of the sale being

consummated.   This written recognition is all that the brokers have to rely on as an agreement to pay commission; and if they are to take advantage of it at all, it seems to be plain that they must take it as it is and not expect to regard it as an unqualified reiteration of an oral agreement to pay commission which was unenforceable because not in writing.

We conclude, therefore, that it was error to direct a verdict for the plaintiff, and that the court would have been fully justified in nonsuiting or directing a verdict for the defendant.

The judgment is therefore reversed, and the case remanded to the court below to the end that a *venire de novo* issue.