DAVID LADERMAN, PLAINTIFF-APPELLEE, v. PASSAIC NATIONAL BANK AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 8, 1938.

Before Justices Trenchard, Parker and Perskie.

For the appellant, *Corbin & Harty.*

For the appellee, *Samuel Hochman* (*Charles Convery,* of counsel).

The opinion of the court was delivered by

Perskie, J.   The question for decision on this appeal from a judgment in favor of the plaintiff rendered by the judge of the First District Court of the city of Paterson, sitting without a jury, is whether there was an authorization in writing pursuant to *R. S.* 25:1-9, so as to entitle plaintiff to recover a commission upon a sale of real estate.

From the state of case which has been agreed upon, we learn that plaintiff, a licensed real estate broker, brought suit to recover the sum of $100 allegedly due him as a commission arising from a sale by defendant bank of real estate, owned by it, in the city of Paterson, and sold to one William Dimond, on December 4th, 1937, for $1,500.

It appears that on February 27th, 1937, following some preliminary negotiations, a representative of defendant wrote to plaintiff as follows:

"In reference to the property on the corner of Madison and Eighth avenues, Paterson, which you informed me you have sold for us for $1,500, we understand you will have a contract drawn for bargain and sale deed to be delivered to your purchaser, price to be $1,500 all cash, and title to be passed on or before March 15th, 1937, you to receive $100 commission.

"This is not to be construed as a contract."

Plaintiff answered that letter on March 3d, 1937, stating in effect that his client was not satisfied with defendant's proposition. He submitted a counter-proposition which was rejected and the sale to the client referred to in that letter was never consummated.

Nothing transpired between plaintiff and defendant with respect to the sale until November 5th, 1937, when, again through the assistant cashier, defendant wrote plaintiff in the following manner:

"The latter part of 1936 we had some correspondence in reference to the three lots located on the northeast corner of Madison avenue and Eighth avenue, Paterson. At that time you had an offer. We are desirous of disposing of these lots and would like to have you submit an offer."

On November 12th, 1937, plaintiff answered this letter, inclosing his check for $100 as a deposit on the purchase price of $1,200, stating that this offer would be open for but three days, that no commission was to be paid, and asking that he be informed as to whether the arrangement was satisfactory. The client referred to in that letter was one William Dimond to whom the property was ultimately sold by the defendant bank on December 4th, 1937, in consideration of $1,500 in cash. It does not appear whether the bank ever replied to plaintiff's letter of November 12th, 1937, although it is manifest that the sale was not consummated under the terms contained in that letter.

The trial judge found that plaintiff was entitled to a commission of $100 on this sale upon the ground that the letter from the bank, by its assistant cashier, to plaintiff on February 27th, 1937, constituted the necessary written authority in compliance with R. S. 25:1-9, and that although the sale contemplated in that letter was not consummated, the written authorization therein contained was revived and ratified by defendant's letter to plaintiff under date of November 5th, 1937. In addition, the learned judge below eliminated from his consideration, and we think properly, all testimony with respect to any oral agreements to pay commission since there was no written confirmation of any such agreement within five days thereof as required by R. S. 25:1-9.

Defendant on this appeal argues three of the seven specifications of points of law with which it was dissatisfied.

*First:* It is urged that the letter under date of February 27th, 1937, hereinabove quoted at length, did not constitute a written authorization for the sale of real estate in compliance with *R. S.* 25:1-9, which provides, *inter alia,* that "* * * no broker or real estate agent selling * * * real estate, shall be entitled to any commission for such sale * * * unless his authority therefore is in writing * * * and * * * amount of the commission shall have been stated therein."

We are satisfied that the letter of February 27th, 1937, constituted a sufficient compliance with the statute and manifested no dissatisfaction with its terms. The bank, by that letter, it seems to us, clearly manifested its consent that the rate of commission on the dollar was not set forth, since the letter very definitely stated that plaintiff was to receive a commission of $100. The statute, *supra,* provides that the authorization state *either* the rate of commission on the dollar *or* the amount of the commission. See *Haber* v. *Goldberg,* 92 *N. J. L.* 367, 373; 105 *Atl. Rep.* 874; *Mendles* v. *Danish,* 74 *N. J. L.* 333; 65 *Atl. Rep.* 888. Nor does the fact that the letter in question states that it is not to be construed as a contract prevent it being construed as an authorization in writing to effect a contract. The statute does not require a formal contract to be executed between the owner and the broker. It provides merely for a writing authorizing the sale. We think the letter in question is a compliance with that requirement. *Cf. Steinberg* v. *Mindlin,* 96 *N. J. L.* 206; 114 *Atl. Rep.* 451.

*Second:* Defendant argues that, after the proposed sale referred to in the letter of February 27th, 1937, fell through, there never was any revival of authority by it. We find no merit in this contention. The letter under date of November 5th, 1937, distinctly refers to the prior negotiations between the parties, and very clearly asks plaintiff for another offer. At no time did defendant revoke the authority given by it in the letter of February 27th, 1937. Rather did defendant, in

our opinion, consider that authority as still existing. And, as a matter of fact, the ultimate sale was made to the person whose existence for the purpose of this sale came into being as a result of defendant's letter of November 5th, 1937.

None of the cases relied upon by defendant in support of its contention is on point. For in *Heyman* v. *Stoffer,* 85 *N. J. L.* 128; 88 *Atl. Rep.* 946; *affirmed,* 86 *N. J. L.* 357; 91 *Atl. Rep.* 1069, and *Staehlin* v. *Smith,* 110 *N. J. L.* 290; 164 *Atl. Rep.* 449, the question was essentially whether there ever was a sufficient authorization in writing. And *Soloff* v. *Atlantic Coast Building and Loan Association,* 10 *N. J. Mis. R.* 1150; 162 *Atl. Rep.* 718, involved an oral agreement.

We are satisfied that it was open to the judge, as a trier of the facts, to find, as he did, that defendant had revived, and ratified plaintiff's authority to consummate the sale in question. *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358; 101 *Atl. Rep.* 55.

*Third:* Defendant's final insistment is that plaintiff should be precluded from recovery upon the ground that in answer to the letter of November 5th, 1937, he submitted a proposition one of the terms of which was that he was to receive no commission. We think the complete answer to this contention is that this proposition was never accepted by defendant. The ultimate sale was made on terms which were identical with those contained in the original correspondence of February 27th, 1937. The buyer was one whom the plaintiff had procured. That buyer was able, willing to, and did in fact comply with the terms specified in the authority originally given to plaintiff. *Cf. Walsh* v. *Isgro,* 121 *N. J. L.* 165; 1 *Atl. Rep.* (*2d*) 391. Under such circumstances plaintiff is entitled to his commission.

The judgment is affirmed, with costs.