9 N.J. Super. 139 (1950)
75 A.2d 478
HENRY C. KEIFHABER AND ANOTHER, PLAINTIFFS-RESPONDENTS,
v.
CHARLES YANNELLI AND ANOTHER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued August 14, 1950.
Decided August 30, 1950.
*140 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Louis Sherman argued the cause for the respondents (Messrs. Raff & Sherman, attorneys).
*141 Mr. Sam J. Abraham argued the cause for the appellants (Mr. Anton A. Vit, Jr., attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
The question is whether the plaintiffs, who are real estate brokers, earned their commission. Their employment is stated in the contract for the sale of land:
"The parties agree that Henry Kiefhaber and Arthur Malgieri brought about this sale and the seller agrees to pay the commission at the rates established or adopted by the Board of Real Estate Brokers in the locality where the property is situated. If this is closed."
The same day that the contract of sale was executed, the plaintiffs wrote the defendants, the vendors:
"In connection with your property at 682 East 220th Street, Bronx, N.Y. this is to advise you that our commission $675.00 shall not be or become due or payable until title actually closes."
The vendors resist payment of the commission on the ground that the sale was never completed by the conveyance of the title. The purchaser refused to accept title because the three apartments in the building which was the subject of the transaction, were all occupied, although the vendors had warranted and represented that the first floor apartment would be vacant and available to the purchaser by the day set for delivery of the deed. All parties are agreed that the purchaser was justified in refusing to accept title. The trial judge, sitting without a jury, found as a fact "that the vendors made no effort to gain possession of the apartment which they had contracted to deliver." Beyond that, we know nothing of the circumstances.
The land, which was the subject of the contract, is located in New York, and in that state the contract was made and all the parties, except the vendors, were domiciled. The agreement also called for delivery of the deed and payment of the purchase money in New York. The law of New York governs the dispute between the vendors and the brokers. *142 Avery v. Sielcken-Schwarz, 5 N.J. Super. 195 (App. Div. 1949). Restatement, Conflict of Laws, §§ 332 and 370.
The language employed by the parties created a condition precedent to the vendors' liability to pay the brokers' commission; the liability was contingent upon the closing of title. Amies v. Wesnofske, 255 N.Y. 156, 174 N.E. 436; 73 A.L.R. 918 and Annotation at p. 926 (1931). See also Real Estate Exchange v. Lieberman, 8 N.J. Super. 99 (App. Div. 1950). "However, where a vendor refuses to perform his obligations under the contract of sale, the default is his and he cannot take advantage of the failure to close title as a shield against his broker's claim to a commission." Stern v. Gepo Realty Corp., 289 N.Y. 274, 45 N.E.2d 440 (1942). This is an extension of the principle that he who prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned. Dolan v. Rodgers, 44 N.E. 167 (N.Y. 1896); Vandegrift v. Cowles Engineering Co., 55 N.E. 941 (N.Y. 1900); Restatement, Contracts, § 295.
In Stern v. Realty Corp., the vendor failed to pay off liens or to post security, or otherwise take care of disputed liens so that the purchaser would be protected. In the instant case, the vendors failed to remove the occupant from the apartment, although they had warranted and represented  the words in the contract  that the apartment would be vacant; they did not even make an effort to that end. If they had proved that they were unable to get rid of the occupant, or that an attempt to do so would have entailed considerable expense, or been of doubtful outcome, their inaction might be excused. But nothing of that sort appears. We are left to infer that the vendors, the defendants, were able to perform but chose not to do so, and so brought about the refusal of the purchaser to accept title. They cannot urge the non-passage of title as a defense to the brokers' claim for their commission.
The District Court rendered judgment for the plaintiffs and we affirm.