16 N.J. Super. 94 (1951)
83 A.2d 787
ALEXANDER SUMMER COMPANY, PLAINTIFF-APPELLANT,
v.
GRACE F. WEIL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 1951.
Decided October 24, 1951.
*95 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John W. Griggs argued the cause for appellant (Messrs. Morrison, Lloyd & Griggs, attorneys).
Mr. Warren Dixon, Jr., argued the cause for respondent.
*96 The opinion of the court was delivered by McGEEHAN, S.J.A.D.
On motion of the defendant, summary judgment in her favor was entered in the Superior Court, Law Division, in an action brought by the plaintiff, a real estate broker, to recover $10,200 as commission on the sale of 118 acres of land, under an agreement dated April 1, 1948, as modified by agreement dated December 17, 1948.
The complaint alleged that on April 1, 1948, the defendant gave the plaintiff the following authorization in writing:
"I hereby authorize you to list for sale property owned by me in the Borough of Paramus for the sum of $127,500; terms cash, unless other terms are agreed to by me in writing.
I agree to pay you a commission in the event that you produce a buyer who contracts to purchase the property in accordance with this authorization and who actually takes title and pays the purchase price in accordance with such contract, which commission shall be at the rate of 5% computed on the purchase price of the property, and shall be payable if, as and when title actually closes and not otherwise.
The property which is the subject of this listing consists of approximately 118 acres lying along the southerly side of Century Road easterly from the intersection of Century Road and Paramus Road and along the easterly side of Paramus Road southerly from Century Road, excepting therefrom the dwelling house and curtilage at the southeasterly corner of Century Road and Paramus Road. The property is generally rectangular in shape, with a mesne depth from Century Road of 700-800 feet, frontage along Century Road of approximately 6500 feet and along Paramus Road of 400 feet, more or less.
There are two greenhouses, a barn, an adjacent building usable as house or office, and an old farm house on Century Road and other outbuildings on the property."
On December 14, 1948, the defendant, in consideration of a payment of $3,000, gave an exclusive option in writing to Suburban Centers Trust to purchase the premises in question, in which it was provided that if the defendant is unable to give title or to make conveyance as therein stipulated, the defendant should have 30 days within which to remove any defect in title; and if she should elect not to do so or fail to do so, then any payment made under the option agreement should be refunded.
*97 The agreement of April 1, 1948, was modified in writing on December 17, 1948, as follows:
"If the option presently held by Suburban Centers Trust is exercised, she will pay to Alexander Summer Co., as broker, and as the only broker in the transaction, a commission of 8% instead of 5% of the purchase price, payable if, as, and when title closes, and not otherwise.
Should the option not be exercised, there is to be no commission of any kind on the option money of $3,000."
On March 15, 1950, the option given to Suburban Centers Trust was exercised by its assignee. On July 31, 1950, the assignee notified the defendant that it had learned, by having the title examined, that the seller was unable to give title or to make conveyance as stipulated in the agreement, by reason of a certain reservation contained in a deed of a predecessor in title of defendant, dated December 18, 1848, and recorded in the Bergen County clerk's office, which reservation is recognized in all subsequent conveyances by specific reference to the 1848 deed. In this 1848 deed, the grantor reserved out of the premises in question "the lot of land used as a burying ground 48 links on the northeasterly and southwesterly sides thereof and 35 links in width along the northwesterly and southeasterly sides thereof, together with the privilege of passing to and from the burying ground." On August 31, 1950, the defendant tendered to the assignee a deed for the premises, in which said reservation was not made.
The complaint charged that the defendant did not disclose to the plaintiff or to the optionees or their assignee, at any time, that her property was subject to the reservation above mentioned; that the defendant failed to remove said defect in the title, and made no effort to that end; and that defendant's acts in failing to disclose to the plaintiff and to the purchaser procured by the plaintiff that her property was subject to the aforesaid reservation, and her failure to remove this defect in her title, prevented the closing of title. Demand for judgment in favor of plaintiff was made on the ground that plaintiff has fully performed its agreement with the defendant and defendant has not paid plaintiff's commissions.
*98 The motion for summary judgment was heard on the complaint and an affidavit submitted by the defendant in support of her motion. From the affidavit it appeared that the defendant acquired title through the will of her father, who had acquired the premises some 30 years previous. When the assignee of the option agreement raised the question with regard to the reservation of a small portion of the property contained in the 1848 deed, the defendant, through her attorney, endeavored to locate any heirs or descendants of the grantor in the 1848 deed, examining among other things genealogy records of the Bergen County Historical Society and gravestones, and checking cemetery records and making other investigations of a similar nature, but was unable to locate any person who was a descendant of the grantor named in the 1848 deed. On August 24, 1950, the attorney of defendant wrote to the assignee that on August 31, 1950, at 10 A.M., he would tender a warranty deed in accordance with the agreement of purchase, and would tender affidavits showing open, continued, adverse and notorious possession of the entire tract for more than 29 years; and on the date fixed he made such tender. The assignee refused the deed tendered by the defendant.
Ordinarily, a real estate broker who is duly employed earns his commission when he procures for the owner a purchaser able and willing to comply with the terms specified in the authority thus conferred, or with other or different terms which, however, are satisfactory to the owner. Marschalk v. Weber, 11 N.J. Super. 16 (App. Div. 1950), cert. denied 6 N.J. 569 (1951); Houston v. Siebert, 129 N.J.L. 468 (E. & A. 1943). However, a broker may, by special agreement with his principal, so contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relate to the acts of his principal, and in such case no action can be maintained until the contingency has arisen or is excused. Lippincott v. Content, 123 N.J.L. 277 (E. & A. 1939); Hinds v. Henry, 36 N.J.L. 328 (Sup. Ct. 1873).
*99 The provision of this agreement, that the commission was payable "if, as, and when title closes, and not otherwise," made the closing of title a condition precedent to the duty of the defendant to pay the commission. Lippincott v. Content, above; Apfelbaum v. Topf, 104 N.J.L. 343 (E. & A. 1928), 56 A.L.R. 910; cf. Richard v. Falleti, 13 N.J. Super. 534 (App. Div. 1951). The contingency upon which plaintiff's compensation was made dependent has not arisen.
Plaintiff argues that the condition imposed by the agreement is excused. Such a condition is excused if the principal, by some willful or fraudulent act, or purely capricious refusal to act, in violation of his own undertaking, express or implied, prevents the occurrence of the condition and the condition would have occurred except for such prevention. Hinds v. Henry, above; Marschalk v. Weber, above; Restatement, Contracts, § 295 (1932). But proof of a defect in the owner's title, of the failure of the owner to disclose such defect to the broker, and of the refusal of the purchaser to take title because of such defect, standing alone, does not constitute a willful or fraudulent act, or purely capricious refusal to act, on the part of the principal, which would excuse such a condition. Lippincott v. Content, above; Apfelbaum v. Topf, above. The cases upon which the plaintiff relies are not to the contrary. In Keifhaber v. Yannelli, 9 N.J. Super. 139 (App. Div. 1950), the law of New York governed. The vendors who had warranted that the first floor apartment would be vacant and available to the purchaser by the day set for the delivery of the deed had failed to remove the occupant from the apartment; and there was no proof that they were unable to get rid of the tenant, or that an attempt to do so would have entailed considerable expense or been of doubtful outcome. Under such circumstances, the court held that under the law of New York they were liable because they were able to perform but chose not to do so. In Feist & Feist, Inc., v. Spitzer, 107 N.J.L. 138 (E. & A. 1930), the court held that under the agreement there involved, the broker earned his commission when he *100 produced a purchaser able to buy, who was accepted by the vendor, and that the vendor could not defeat the broker's right by repudiating his agreement with the vendee and leasing to another. In Kram v. Losito, 105 N.J.L. 588 (E. & A. 1929), the court held that the agreement merely set the date of payment of commission for a future event, but did not make the happening of such event a condition, and that under it the broker earned his commission by bringing the parties together and inducing the making of a formal contract. In Dermody v. N.J. Realties, 101 N.J.L. 334 (E. & A. 1925), the title did not pass because the vendor agreed to accept $3,000 from the vendee as damages for the breach of the contract, and mutual releases were exchanged between them. The court held that the broker could recover because the contract of settlement substituted payment of damages in the place of the purchase money stipulated in the contract of sale. In Steinberg v. Mindlin, 96 N.J.L. 206 (E. & A. 1921), the broker secured a buyer on terms settled by agreement between the seller and buyer. The contract of sale was not executed because the owner refused to execute it unless the broker would abate his commission. It was held that the agreement was not a contingent agreement and that the broker had earned his commission despite the fact that the contract was not signed. In Fieldman v. Thomas, 10 N.J. Misc. 48 (Sup. Ct. 1931), the court held that the agreement was not contingent and that the vendor could not defeat the broker's right to commission by a cancellation of the agreement of sale agreed to by vendor and vendee. In Rauchwanger v. Katzin, 82 N.J.L. 339 (Sup. Ct. 1912), the court held that the brokers had performed their part of the contract by procuring a purchaser ready and willing to take title, and their right to commission could not be defeated merely because the owner's wife refused to convey and the owner refused to fix a day of settlement unless the brokers reduced their claim for commission.
In Apfelbaum v. Topf, above, the court held that the condition precedent, namely, the passing of title, would not be *101 excused unless "it is made to appear that the vendor when he entered into the contract with the real estate broker fraudulently concealed the fact of the existence of the restrictions on the property, or by some other willful act prevented the title from passing. * * *" In this case there was neither a charge nor any fact put in issue which would raise a question whether this defendant, when she entered into the agreement with the plaintiff, fraudulently concealed the fact of the existence of the alleged defect in her title, or by some other willful act prevented the title from passing. As was said in the Apfelbaum case, "The case is utterly barren of any testimony or circumstance indicating that the respondents even knew of the existence of the restrictions in the ancient deed, or of any willful act on their part to which the failure to pass title and consummate the sale was due."
Affirmed.