## MECKES v. MULLEN.

(City Court of New York, Trial Term.   January 13, 1912.)

BROKERS (§ 61*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—CONDITIONS.

Where defendant employed plaintiff to sell certain real property on a commission of 1¼ per cent. on the selling price "when the title is passed," and the title never passed to the purchaser procured by plaintiff, because it was defective, the phrase "when the title is passed" was not to be construed as a condition to plaintiff's right to commissions, but rather as fixing a time when the contract should be performed; and on failure of the title to pass for that reason, defendant was estopped to claim that plaintiff had failed to earn his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 92, 93; Dec. Dig. § 61.*]

Action by Louis Meckes against Thomas J. Mullen.   On defendant's motion for a new trial.   Denied.

Paul M. Goodrich, for plaintiff.

Philip S. Dean, for defendant.

FINELITE, J.   Plaintiff, a real estate broker, brought this action against the defendant to recover the sum of 1¼ per cent. commission for the services rendered in procuring a customer who entered into an enforceable contract with the defendant for the purchase of the property owned by the defendant.   After the plaintiff had rested his case, the defendant moved to dismiss the complaint upon the ground that plaintiff is not entitled to recover said commission, and on the further ground that he failed to prove a cause of action.   The motions were denied by the court.   The defendant then rested.   Then, on motion of the plaintiff, the jury was directed to find a verdict for the plaintiff for the sum of $291.50, inclusive of interest.   The defendant then moved for a new trial on all the grounds specified in section 999 of the Code of Civil Procedure, which motion the court entertained. The motion for a new trial is based upon the contract of employment of the plaintiff by the defendant, which reads as follows:

"I, the undersigned, do hereby authorize Louis Meckes to sell my property located at 225 Pelham road, New Rochelle, N. Y., for the sum of $21,000, and do hereby agree to pay him 1¼ per cent. commission on the total selling price *when the title is passed.*   April 13, 1910.      Thomas J. Mullen."

It is conceded that subsequent to the making of the contract of employment a contract of sale was entered into by the defendant with the purchaser procured by the plaintiff for the sale of the premises above mentioned, and that the sale was never consummated and the title to said premises never passed, for the reason that the purchaser rejected the title upon the ground that the same was defective and unmarketable.   There is quite a distinction between contracts of brokers containing the condition that commissions are only to be paid, viz., "when deed is actually delivered," or "title closed," or "when title is passed," or "on closing of title," or "commissions not to be due or payable until title is passed."   There can be found expression of opin-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ions in the books covering all such conditions, wherein a broker can or cannot recover unless an enforceable contract is fully carried out, and also holding to the effect that the payment of the commissions is suspended until the certain event has happened. But each case must be decided upon its own facts. In the case at bar, was not the plaintiff entitled to his commissions as agreed upon when the contract of sale was consummated? or was it suspended until title actually passed? The title failed to pass, not by the act of the purchaser, but by reason of the defective title of the defendant.

The question now arises, Is·the plaintiff estopped from making a claim that his commissions should not be paid because the title never passed or closed? The clause in the agreement, "and do hereby agree to pay him 1¼ per cent. commission on the total selling price when the title is passed"—was it a condition precedent before plaintiff could recover said commissions? The defendant, to sustain this contention, cites among others, Fittichauer v. Van Wyck (Sup.) 92 N. Y. Supp. 241, Larson v. Burroughs, 131 App. Div. 877, 878, 116 N. Y. Supp. 358, and Couper v. O'Neill, 53 Misc. Rep. 319, 103 N. Y. Supp. 122. In the last case cited the agreement for the payment of the broker's commissions was contained in two counterparts. That signed by the broker contained a provision that the commission "shall not be due and payable *until* the title to said premises *shall be passed*." The counterpart, signed by the vendor, was:

"I recognize James M. Couper, Jr., as a broker who negotiated the sale of my property, No. 34 Horatio street, and agree to pay him a commission of two hundred and fifty dollars (250.00 dollars) *when title is passed*."

The court said:

"Title to the property never passed, as defects were found therein, and the contract was subsequently canceled, and the defendant returned the deposit paid by the prospective purchaser to him. The plaintiff claims that his right to commissions was earned at the time the contract was executed between the defendant and the vendee, and that as the failure to convey was wholly the fault of the defendant he is entitled to maintain this judgment. Ordinarily that would be true, but in the case at bar the plaintiff had expressly agreed that his commissions shall not be *due and payable until title shall be passed*. This agreement was made at the time an enforceable contract between the vendor and vendee had been entered into, and presumably was for the purpose of evidencing in writing the agreement made between the plaintiff and the defendant regarding the payment of commissions. * * * It is reasonable to assume that, if the plaintiff regarded his commissions as having been due or earned at the time the contract between the vendor and vendee was executed, he would have entered into no agreement that the same shall not be due and payable until the title passed, thus making his commissions dependent upon the occurring of that event."

But in Meltzer v. Straus, 61 Misc. Rep. 250, 253, 113 N. Y. Supp. 583, the same court held:

"That where a contract for the sale and purchase of real estate has been made, the broker, who, upon employment by the owner, procured a purchaser, is entitled to recover his commissions."

A provision in the agreement with the broker that his commissions should be paid on the *closing of title* merely fixed the time when the brokerage should be payable if the contract was performed, and that

the actual closing of title was not a condition precedent to recovery of the brokerage. Morgan v. Calvert, 126 App. Div. 327, 110 N. Y. Supp. 855.

The case of Fittichauer v. Van Wyck (Sup.) 92 N. Y. Supp. 241, relied upon by the appellant, does not apply, because there the broker's commissions were not to be paid *until and unless title passed.* In Larson v. Burroughs, supra, the vendor refused to execute a contract of sale unless the broker consented to the incorporation therein of the following provisions:

"The vendor agrees that Ole E. Larson is the broker who has brought about this sale and agrees to pay said broker his commission therefor, namely, 1 per cent., when balance of cash amount to be paid is made *and deed actually delivered."*

The court held:

"Before the plaintiff could recover, he must show that either the contract was carried out as indicated, or that nonperformance was the fault of the defendant."

I have examined the cases of Flower v. Davidson, 44 Minn. 46, 46 N. W. 308, and McPhail v. Buell, 87 Cal. 115, 25 Pac. 266, cited in defendant's brief, but fail to see in what manner they apply to the case at bar. The general rule undoubtedly is that a real estate agent is entitled to his commissions when he finds a purchaser ready, willing, and able to purchase on the proposed terms laid down by the vendor, and when the vendor makes a contract of sale with the proposed purchaser his agent is entitled to his commission, irrespective of whether the contract is ever carried out by conveyance of the property and payment of the purchase money. The same would be true if the vendor should decline to make a contract of sale when the proposed purchaser is produced. It is no fault of the broker if the vendor's title is defective and he is unable to convey, and when a vendor inserts in the broker's contract a provision for the payment of his commissions "when the title is passed," the addition of these words merely fixed the time when the contract was to be performed, and the actual closing of title was not a condition precedent to suspend the payment of the commissions. The failure of the title to pass by the inability of the defendant to convey, the plaintiff's commissions became fixed, and the defendant is estopped from making a claim that the title never passed or closed.

The defendant's motion for a new trial is therefore denied. Settle order on one day's notice.