SAMUEL A. SIMON AND JOSEPH A. FITZPATRICK, PLAIN-
TIFFS, v. ADAM GARBER, DEFENDANT.

Submitted October 27, 1924—Decided February 6, 1925.

Sale of Real Estate—Agents' Commissions—Agents' Claim That
They Brought Together Buyer and Seller Overlooks the
Fact That They Assented to the Terms of the Agreement
of Sale, Drawn in Their Presence, in Which Their Commis-
sions Were Made Contingent Upon Delivery of Deed, at
Most They Could Only Have the Question Whether This
Assent Modified the Sales Agreement Submitted to Jury,
Which was Done.

On plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiffs, Stamler, Stamler & Koestler.

For the defendant, Abe J. David.

PER CURIAM.

This case is before us on a plaintiffs' rule to show cause.
The rule as originally granted reserved the exceptions taken
at the trial, but these reservations have been waived. The
entire case is therefore before us for review. The suit was
instituted by Samuel A. Simon and Joseph E. Fitzpatrick
against Adam Garber, to recover the sum of $3,500 for com-
missions for the sale of property in the city of Elizabeth,
located at 51-53 Broad street, and known as the Capitol
Theatre building. The evidence shows that Simon was a
tenant of the building, and that Garber, the owner, gave to
Simon, who was a real estate agent of limited experience, an
exclusive authorization for thirty days to sell the property.
This authorization was dated April 29th, 1922, and fixed the
rate of commissions at two and one-half per cent., but men-
tioned no terms with reference to the sale. Simon assigned

a one-half interest in the authorization to Fitzpatrick. Simon and Fitzpatrick induced a man by the name of Scharf to enter into an agreement to buy the property for $140,000. The agreement provided for the payment of the consideration by the delivery of three mortgages upon the property for $40,000, $24,500 and $1,100, respectively, and $59,500 in cash. Scharf testified at the trial that he entered into the agreement because of the promises of Simon and Fitzpatrick, that they would obtain for him a first mortgage of $100,000 on the property and a second mortgage of $25,000, so that he would only have to pay $15,000 in cash. When it came to the making and signing of the agreement between Scharf and Garber, Simon and Fitzpatrick, according to the testimony of witnesses, were present. Garber was willing to sell the property for $140,000 upon the terms arranged, but insisted that there be inserted in the agreement the following provision: "And the said party of the first part hereby agrees to pay to Samuel A. Simon and Joseph E. Fitzpatrick, together, a commission of two and one-half per cent. on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to be paid upon delivery of deed." There was testimony that Simon and Fitzpatrick agreed to this provision. The sale was never consummated because Scharf was unable to pay the purchase price. He excused his default by saying he relied upon the promises made to him by Simon and Fitpatrick that they would procure for him mortgage loans upon the property to the amount of $125,000, which they were unable to do.

The answer of Garber sets up as defenses—*first,* that the plaintiffs did not get for the property the best price obtainable: *second,* that the plaintiffs made misrepresentations to Scharf, with reference to the amount by way of mortgages which they could obtain for him upon the property, and that by reason of their failure, Scharf refused to consummate the sale, and *third,* that the original agreement of April 29th, 1922, was modified or rescinded by the covenant in the agreement of sale and purchase between Garber and Scharf with

reference to the payment of commissions, and under said modified agreement the commissions were not payable as no deed for the property was delivered to the purchaser.

The trial court submitted the case to the jury, which returned a verdict in favor of the defendant of no cause of action. The plaintiffs now insist that they were entitled, as a matter of law, to commissions, as they brought together the owner and purchaser. This contention overlooks the fact that there was evidence that the agreement for the sale of the property was drawn in the presence of the plaintiffs, and that they assented to the provisions placed in the agreement by which their commissions were made contingent upon the delivery of the deed. The most that the plaintiffs could expect in this aspect of the testimony was to have this question submitted to the jury upon the theory that they had not consented to the modification expressed in the sales agreement of the agreement relative to commissions dated April 29th, 1922. This the trial court did. The plaintiffs also insist that the trial judge erroneously charged the jury. They contend that the trial judge charged that inasmuch as the authorization of April 29th, 1922, contained no terms that terms might be fixed in the agreement, and that while this might be true as between Garber, the seller, and Scharf, the purchaser, yet the court, in its charge, extended this doctrine so as to give the impression that Garber had the right to fix the terms upon which he would pay the plaintiffs' commissions without the plaintiffs assenting thereto. The brief for the plaintiffs refers to and prints the parts of the charge which the plaintiffs contend created in the minds of the jury this impression. Our reading of the entire charge does not sustain this contention. We think the trial judge put the question fairly to the jury as to whether or not the agreement of April 29th, 1922, had been modified in respect to the payment of commissions with the consent of the plaintiffs by the provisions inserted in the agreement of sale. This question could not have been more forcibly expressed, it seems to us, than in the following language of the charge: "Were Fitzpatrick and Simon parties to this agreement of sale, so far

as the payment of commissions were concerned? There is evidence upon the part of the defendant that all of this agreement was read; Fitzpatrick and Simon were present at the time of the execution of this agreement. If their minds met, if they had knowledge of that particular provision of this contract, and their minds met in agreement with Garber on that, as to the time when the commissions were to be paid, then they are not entitled to a cent under his suit."

The plaintiffs further contend that the court improperly refused to charge the following request: "If the owner and the customer found by the broker agree upon terms, the broker's right to a commission cannot be defeated by the owner, relieving the purchaser from carrying out his contract of purchase." While this, as an abstract proposition of law, is correct, yet it was not applicable to the facts in the case, and, therefore, it was proper for the trial judge to refuse to charge it.

The rule is discharged.