LOUIS LUDWIG, PLAINTIFF-RESPONDENT, v. MAX ABERBACH AND FANNIE ABERBACH, DEFENDANTS-APPELLANTS.

Submitted February term, 1924—Decided May 5, 1925—Filed March 2, 1926.

Sale of Real Estate—Broker's Commissions—Licensed Brokers—Commission Payable Upon Delivery of Deed—Defendant Unable to Give Good Deed Though Plaintiff Produced a Duly Qualified Purchaser—Held, That Plaintiff Had Performed His Contract—Contention That Plaintiff is Not Entitled to Recover Because He is Not a Licensed Broker is Without Merit.

On appeal from the Elizabeth District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Stamler, Stamler & Koestler.*

For the respondent, *David L. Forman.*

PER CURIAM. ·

The plaintiff obtained a judgment in the District Court of Elizabeth against the defendant for the sum of $250 in an action upon a contract for the payment of commission, entered into between the former and the latter, whereby the latter agreed to pay him that sum on the delivery of the deed by the seller to the purchaser. A search disclosed the fact that the title was defective, in that the building on the property encroached upon the street line. Whereupon the prospective vendee refused to take title to the property, and the prospective vendor refused to pay to the plaintiff any commission.

There was a motion for a direction of a verdict in favor of the defendant upon two grounds—*firstly,* that the contract calls for the payment of a commission on the delivery of the deed, and there was no such delivery for the reason of the defective title, in that the building upon the property overlaps the public street, and the purchaser refused to take title; *secondly,* that the plaintiff was not licensed to act as a broker.

The District Court judge refused this motion upon two grounds—*first,* that it made no difference whether the title passed so long as the broker produced a purchaser who was ready, able and willing to buy, and *secondly,* that the fact whether or not the plaintiff was duly licensed as a real estate broker was inconsequential. Whereupon the trial judge gave judgment for the plaintiff in the sum of $250, with costs, from which judgment the defendant appealed to this court.

We think the cause was rightly determined. It was the fault of the prospective vendor that there was no delivery of the deed. The plaintiff has performed all that he was called upon to perform under his contract, namely, to procure a purchaser who was ready, willing and able to buy.

This fact is not denied. The reason for non-delivery of a deed was directly due to the defendant's inability to give a good title. The plaintiff ought not be made to suffer on that account. If it was intended that no commission was to be paid unless an actual sale was consummated by the delivery of a deed it should have been explicitly so stated in the contract. The agent has a right to rely on his principal being able to give a perfect title to a prospective purchaser. If the principal was not in such a position, then he ought not be permitted to escape paying the commissions agreed upon by reason of his inability to deliver a good and sufficient deed for the property. It would be in harmony with the intent of the parties, as expressed in the contract, that the commissions were to be paid on the day fixed for the delivery of the deed. There is no merit in the contention that the plaintiff is not entitled to recover for the reason that he is not a duly licensed broker.

The judgment should be affirmed, with costs.