J. R. TUCKER, INCORPORATED, A CORPORATION, FOR WHOM HAS BEEN SUBSTITUTED HERBERT J. KOEHLER, RECEIVER OF J. R. TUCKER, INCORPORATED, PLAINTIFF-RESPONDENT, v. J. LYNN MAHAFFEY AND R. ELMER SCHALL, DEFENDANTS-APPELLANTS.

Decided January 5, 1928.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *French, Richards & Bradley.*

For the respondent, *Louis B. LeDuc.*

PER CURIAM.

This is an appeal from a judgment entered on a directed verdict in the Camden County Court of Common Pleas in favor of the plaintiff below, against the defendant below, for the sum of $5,524.17. From this judgment defendants appeal to this court.

The plaintiff sued to recover five per cent. commission alleged to have been earned by it, as broker, for selling the Bellevue Hospital, in Camden, New Jersey, which property was owned by the defendants.

A memorandum in writing was executed and given by the appellants to the broker, respondent here, on the 23d day of September, 1925, which memorandum is as follows:

"September 23d, 1925.

J. R. Tucker, Inc.,
313 Market Street,
Camden, New Jersey.

Dear Sir: In consideration of your effecting a sale on premises 500-502 Linden street, in Camden, New Jersey, known as the Bellevue Hospital, to do which you had our authority, we hereby agree to pay you a commission of three per cent. of the total sale, said commission to be due and payable at time of final settlement.

Very truly yours,
(Signed) J. LYNN MAHAFFEY,
(Signed) R. ELMER SCHALL."

The agreement of sale of the property in question was made and executed on September 23d, 1925. It appears without

dispute that the memorandum above set forth was executed after the services of the real estate broker had been rendered, and the sale effected.

It is to be observed that the payment of commission to the broker was "to be due and payable at time of final settlement." By the agreement between the vendor and vendee, it was provided that final settlement shall be made on or before March 23d, 1926, provided that the necessary title searches could be obtained from any first class New Jersey title company by that date. It was further provided, should there be any delay, not the fault of the buyer in procuring such searches, the time for final settlement shall extend until such searches can be obtained.

A final settlement between the parties never took place. It appears from the record that a bill for specific performance was filed in the Court of Chancery to compel the vendor to convey the premises to the purchaser, the sale of which was procured through the broker, according to the terms of the agreement between the parties, and that a hearing was had and a decree advised in favor of the vendors.

The prime question presented at the trial and which is now before us here, is whether the broker, notwithstanding the fact that no settlement ever took place, earned its commission.

A broker employed to negotiate the sale of real estate earns his commission when he has procured a purchaser, able and willing to conclude a bargain on the terms on which the broker was authorized to sell. *Courter* v. *Lydecker,* 71 *N. J. L.* 511, 512; *Freeman* v. *Van Wagenen,* 90 *Id.* 358; *Homan* v. *Griffin,* 94 *Id.* 345; *Steinberg* v. *Mindlin,* 96 *Id.* 206, 207; *Klipper* v. *Schlossberg,* 96 *Id.* 397; *Dickinson* v. *Walters,* 100 *Id.* 62.

For the appellant it is argued that "final settlement" was the contingency upon which the plaintiff's compensation was dependent, and since that contingency has never arisen, the time of payment of commission has not arrived.

We find no merit in this contention. It is true that the agreement of the vendors, with their broker, provided: "Said

commission to be due and payable at time of final settlement," but this in nowise made the payment of the commission contingent upon the settlement. It merely fixed a date when the commission earned shall be paid. In the agreement between the vendors and vendee, the time of settlement was fixed for March 23d, 1926, and that date was the time when it was intended that payment of the commission, earned by the broker, became due and payable. The fact that the settlement did not take place on that date, or that the date of final settlement was postponed to a later date, or never took place at all, cannot operate to defeat the broker's claim to the commission earned by it. The writing given by the appellants to the respondents in express terms recognizes that the latter earned its commission, and simply fixed a date when payment shall become due.

We find no merit in the contention that there was a factual question for the jury to decide, and therefore the trial judge erred in directing a verdict for the respondent.

For the appellant it is argued, that one of the questions of fact for the jury to determine, was whether on May 10th, 1926, there had been a final settlement with any alleged purchaser of the property. The answer to this is, that the record shows there never was any settlement with any such purchaser. Next, it is said that another question of fact was whether the failure to make final settlement grew out of any fault of the defendants. This seems to be completely answered in the discussion above, that it was immaterial whose fault it was that final settlement did not take place, since the payment of commission was not made contingent upon a final settlement taking place.

Lastly, it is urged that the remaining question of fact was whether the defendants, prior to May 10th, 1926, had done anything amounting to a waiver of their rights to require a final settlement before any commissions would be due or payable.

As has already been observed, since a final settlement was not made a contingency upon which a commission should be paid, it was of no consequence whether the defendants had

done anything amounting to a waiver of their right to require a final settlement, before any commission would be due or payable.

Judgment is affirmed, with costs.