JACOB L. KRAM, RESPONDENT, v. ANTONIO LOSITO, GUISEPPINA LOSITO, VINCENT (VINCENZO) LOSITO, JENNIE OSITO, MICHAEL (MICHELE) LOSITO, APPELLANTS.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellants, *Sorg, Duncan & Bailey*.

For the respondent, *Corn & Silverman*.

The opinion of the court was delivered by

LLOYD, J. This case was tried in the Essex Circuit before Judge Smith without a jury upon an agreed state of facts. The action was to recover a broker's commission as set forth in the following clause of the sale agreement:

"The undersigned hereby agree to recognize Jacob L. Kram as our broker, and agree to pay him a commission of five per cent. [5%] upon the agreed purchase price, upon the execution and payment by the above-mentioned purchasers of the balance of the initial payment of the purchase price of five thousand dollars."

The judge found for the plaintiff and the defendants appeal.

The case is controlled by the prior decisions of this court holding that where there is an agreement to pay commission and the date of payment is set for a future event, the happening of the event is not a condition unless directly or impliedly made so in the agreement. *Mahlenbrock* v. *Stone Hill Realty Co.*, 104 *N. J. L.* 176.

Through the efforts of respondent the appellants and the purchasers, Green and Friedlander, were induced to enter into a binding agreement for the sale of the property involved. In that agreement respondent's commission is made payable when the balance of the initial payment of the purchase price is made. The contract recognizes that the broker has earned his commission by bringing the parties together and in inducing the making of a formal contract for which the defendant owes him the commission, but for convenience the commission is payable when a portion of the purchase-money is to be paid—at the time of settlement. The agreement itself called for settlement December 1st, 1926. It was not carried out because of the seller's default in complying with the terms of the agreement of sale, but this could not defeat the broker's right to the compen-

sation agreed on. The time having arrived when the commission should have been paid, the respondent's right of action accrued, the learned trial judge properly found in his favor and the judgment entered on this finding is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.