THOMAS NARY, PLAINTIFF-RESPONDENT, v. ROSE LA-VANIA HEATH AND JOB HEATH, DEFENDANTS-AP-PELLANTS.

Submitted February 2, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellants, *Corn & Silverman.*

For the respondent, *Patterson, Rhome & Morgan.*

PER CURIAM.

This is an appeal from a judgment entered for the plaintiff for $2,457 by the direction of the judge at the close of the case, and the defendants appeal.

At the trial it appeared that on December 27th, 1926, defendants entered into an agreement in writing to convey, on November 1st, 1927, real property in Ocean Grove to John H. Crohan for $42,000, and in such written agreement agreed as follows:

"And the said parties of the first part hereby agree to pay to the licensed and authorized agent, Thomas Nary, a commission of five per cent. on the purchase price aforesaid."

On the day set for closing title, a dispute arose between the vendor and vendee both as to alleged defects in the title and as to the ability of defendants to give possession of the property. The vendee was ready with the money due by the terms of the contract, but the settlement was postponed for two weeks to afford an opportunity to clear up the points in issue, and up to the time of the institution of the present suit, title had not passed.

This suit was begun on September 5th, 1930, and was for brokerage commissions to which the plaintiff claimed to be entitled pursuant to the terms of the contract above recited.

We think that when the verdict was directed that plaintiff had established by competent evidence his contract of employment and his success in securing a purchaser under the terms of the contract as evidenced by the agreement of sale entered into between the Heaths and Mr. Crohan.

Shortly stated, our statute of frauds relating to the employment of brokers (*Pamph. L.* 1918, *p.* 1020), insofar as we are now concerned with it, requires that the authority of the broker must be in writing signed by the owner or his authorized agent either before or after sale has been effected, containing the rate of commission on the dollar. The contract provision which we have recited seems to meet the requirements of that act. *Clark* v. *Griffin*, 95 *N. J. L.* 508.

Defendants contend that a jury question was presented as to whether or not the plaintiff procured a purchaser ready, willing and able to buy defendants' property. We think not. The fact that the title did not actually pass does not affect the broker's right to commissions. *J. R. Tucker, Inc.,* v. *Mahaffey,* 139 *Atl. Rep.* 806. In the present case the broker

is shown to have procured a purchaser agreeable to the owners, and an agreement for the sale of the property was made and executed by the owners; and there appears to be no substantial question of the pecuniary ability of the vendee and his readiness to carry out the contract pursuant to its terms.

Defendants further contend that there was a jury question whether or not plaintiff was personally interested in the sale beyond his commission, and this seems to arise from conflicting testimony that the plaintiff endeavored to persuade defendants to reduce the purchase price $5,000, and that plaintiff, after the agreement was executed, attempted to sell the property to another at an advanced price, and that plaintiff advised the purchaser not to close the title until the release of the tenants was in proper form.

We look upon these disputed questions as immaterial. The plaintiff was in the real estate business. If it be true that he attempted to effect a resale of the property for Crohan to some other party, that fact would not bar his recovery of commissions after he had fully performed his duty to his principal and became entitled to his commissions when he produced a purchaser acceptable to the Heaths. When this was done his fiduciary relationship with the defendants ceased, and after that time his attempt to resell the property, if he did, was no concern of the defendants. 9 *C. J.* 544.

It is further contended that the plaintiff fraudulently induced the defendants to enter into the agreement with Crohan, and that therefore a jury question was raised with respect to this.

We think that contention has no substantial basis either in fact or law. It is true that the plaintiff urged the defendants to accept the sum of $1,500 as down-money on the contract and as sufficient for that purpose. There was no fraud in that. It appears by the admission of the defendants that they did not rely upon that advice by the plaintiffs, but were guided in that respect by the advice of their own lawyer whom they consulted with respect thereto; and moreover, the fact that only $1,500 was received as down-money instead

of a larger sum does not seem to have figured in respect to the failure to consummate the contract according to its terms.

The defendants contend that the plaintiff was not to receive his commission until, and only if, Crohan consummated the agreement of sale. A sufficient answer to this contention is that the agreement upon which the plaintiff's rights depend contains no such indication. *Kram* v. *Losito,* 105 *N. J. L.* 588.

The defendants lastly contend that it was improper to allow interest from the day the money was due. We think there was nothing improper in this action of the trial judge. *Ruckman* v. *Bergholz,* 38 *N. J. L.* 531.

The judgment will be affirmed, with costs.