G. HOWARD LIPPINCOTT, PLAINTIFF-APPELLANT, v. HARRY CONTENT, DEFENDANT-APPELLEE.

Argued May 19, 1939—Decided September 22, 1939.

278

For the defendant-appellee, *McCarter & English* (*George W. C. McCarter*).

For the plaintiff-appellant, *Parsons, Labrecque & Borden* (*Theodore D. Parsons*).

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal is from a judgment entered on a verdict directed by the trial court for the defendant, as owner of property, in the suit of plaintiff, a real estate agent, for a commission with respect to sale of the property. The controlling facts are not disputed. The case primarily involves construction of phraseology in the agreement relating to the commission.

The original contract between the owner and the proposed purchaser of the property was later modified to arrange for the filing by the owner of a suit in Chancery to quiet title, so as to give assurance of good title if that was possible, with the provision that if the owner was unsuccessful in the suit, the deposit should be returned and the agreement of sale be at an end. A subsequent stipulation further extended the

time for closing. The suit to quiet title was decided against the owner, and the decree was affirmed on appeal. *Content* v. *Dalton,* 122 *N. J. Eq.* 425. Through notice by the purchaser of termination because of such uncured defect in the title, the contract thereupon expired, and the sale was not consummated.

The agreement of sale contained the following language concerning the agent's commission:

"And the Seller hereby agrees to pay to G. Howard Lippincott a commission of 5% on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable upon closing title."

The subject of real estate commissions has been considered in numerous cases. The principle is well established that an agent becomes entitled to the commission when he has procured a purchaser able and willing to conclude the transaction on the terms authorized by the owner, and that in such circumstances a clause to the effect that the commission is payable upon closing title merely fixes the time for payment of the commission. *Hinds* v. *Henry,* 36 *N. J. L.* 328; *Dermody* v. *New Jersey Realties,* 101 *Id.* 334; *Kram* v. *Losito,* 105 *Id.* 588; *Steinberg* v. *Mindlin,* 96 *Id.* 206; *Feist & Feist, Inc.,* v. *Taub,* 105 *Id.* 237. Persons, however, are free to insert their own limitations in the contracts they make, subject only to legality of the purpose, and the consideration of public policy. Contractees are necessarily bound by the express conditions they themselves choose to incorporate in a contract. When construction becomes an issue, the significance ascribed by the parties to the mooted language, or plainly to be inferred from their conduct, is strongly influential in determining the meaning which was intended between them, and that course is usually adopted by the court to be binding on the parties, since of their own accord they have made it obligatory on themselves. *Albert* v. *Ford Motor Co.,* 112 *Id.* 597; *Corn Exchange National Bank* v. *Taubel,* 113 *Id.* 605; *Thomsen* v. *Riedel,* 114 *Id.* 379.

It would doubtless have been possible in this instance to indicate more clearly that closing of title was a condition

precedent to payment of the commission. Though the phrasing does not possess the fullest degree of precision, it nevertheless appears from the reservation in the agreement that the commission was "to be paid—" for services "in consummating this sale" and "upon closing title." A case in point is *Simon* v. *Garber,* 3 *N. J. Mis. R.* 150, wherein somewhat similar language was used stipulating for payment of the commission on consummating the sale and delivery of the deed, which was held to make payment of the commission contingent on passing of the title. While that case was in the Supreme Court, the ruling is sound, and it is adopted by this court.

By the specific clauses of the contract in the present case the closing of title was made not simply a chronological marking, but constituted a part of requisite performance. That this is the interpretation which the parties themselves placed on the agreement was evidenced by correspondence between them, and by their acts and attitude. Their conduct and the wording of the agreement suffice for the conclusion that the parties intended the commission to be payable only if there were transfer of title to the purchaser. Since actual passing of title to the property was a necessary condition to fulfillment of the right to the commission, omission of that element left the claim of the agent incomplete. Direction of a verdict in favor of the defendant owner was therefore appropriate.

The judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—DONGES, J. 1.