## LATTIMORE v. GEORGE J. MELLINA & CO.

### No. 14756.

Court of Civil Appeals of Texas.
Fort Worth.

May 24, 1946.

Rehearing Denied June 21, 1946.

Hal S. Lattimore, of Fort Worth, pro se.

Callaway, Wade & Davis, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit involves a claim for a real estate commission. The case was tried before the court without a jury. No statement of facts has been filed, but the transcript contains findings of fact and conclusions of law filed by the trial court.

Appellant Lattimore, appellee Mellina through an agent, and one B. H. Glenn signed a written contract for the sale by Lattimore and the purchase by Glenn of an 80 acre tract of land. By the terms of the contract Lattimore agrees to sell the land, to furnish abstract of title, and to convey the land free and clear of all encumbrances.

The contract, which is set out in full in the findings of fact, contains the following paragraph relating to the real estate commission:

"Commission of $400.00 to be paid by the seller to said agent for services as real estate broker shall be due and payable when this sale has been completed according to the terms of this contract. Should seller elect to retain said cash deposit and apply same as part payment for the breach of this contract as aforesaid, then the seller shall pay the agent therefrom one-half of said cash deposit up to the total amount of the commission due in full payment for agent's services under this contract."

The purchaser Glenn was ready, able and willing to purchase the land, but the sale was not consummated because it was found on examination of the abstract that title to the land was outstanding in one A. J. Finney. Appellant Lattimore thereupon promised to obtain the joinder of Finney and wife in the conveyance, but was unable to procure their joinder. He also promised to institute suit against Finney and wife to clear the title, but did not do so. There is nothing in the record to show whether or not Lattimore would have prevailed had he filed such a suit.

Appellee through one of his employees inquired of appellant if he owned the land, and appellant represented that he did. Appellant was asked if he would sell the land at $100 per acre, and stated that he would sell, but would not pay a commission. Appellee's employee then asked appellant if he would be willing to add $400 to the purchase price of $8,000 in order to cover the commission. Appellant agreed to do this. It was after these conversations that the written contract was signed.

■ Appellant urges that appellee cannot recover the commission because the facts show that appellee was the agent of the purchaser, not of the seller. We overrule this contention. Whatever may have been appellee's status originally, he became appellant's agent by virtue of the provisions of the written contract. The contract describes appellee as the agent of appellant, and places directly upon appellant the obligation to pay the commission.

Appellant also argues that the commission was in effect payable out of the purchase price, and in any event only if and when the sale was completed.

■ "In the absence of a provision to the contrary in the contract of employment, a broker may be entitled to a commission even though the transaction in question fails of consummation because of a defect in the principal's title." 12 C.J.S., Brokers, § 95, p. 225.

■ It is within the right of the parties to the transaction to agree that a commission shall be payable only in the event the sale is completed, title passed, and consideration paid. But even in the latter case the following rule applies:

"The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself." West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481, 482.

■ It has been held that a clause to the effect that a commission is payable upon closing the sale merely fixes the time for payment of the commission, and does not create a condition precedent to liability. Lippincott v. Content, 123 N.J.L. 277, 8 A.2d 362. But the parties may by the language of their contract indicate an intention to make closing the sale a condition precedent to liability for payment of the commission. Id.

■ The trial court found that appellant represented himself as the owner of the land, but, in the absence of something to indicate the contrary, the law would imply such a representation to the broker engaged to sell the land. W. A. Lucas & Co. v. Thompson, Tex.Com.App., 29 S.W.2d 1024.

We find some conflict in the decisions in cases of this kind. In some, where there is merely a clause to the effect that the commission shall be payable when the sale is consummated, it is held that the broker is entitled to the commission where failure to consummate the sale is due to defects in the seller's title, provided the broker did not know of the defects at the time he made

the sale, or provided that he had reason to believe that any defects he knew about would be cured. In other cases, it is held that the broker is not entitled to his commission where there is such a clause in the contract, and where, absent bad faith on the part of the seller, failure to consummate the sale is due to title defects. The exact question which we must decide here is this: Where the seller represents, expressly or impliedly, that he has good title, but where the contract provides that the commission is due and payable when the sale is completed, must the seller pay the commission where the sale is not completed on account of defects in the seller's title?

The view that the commission is payable under such circumstances seems to be supported by the following cases: Dean v. Williams, 56 Wash. 614, 106 P. 130; Meckes v. Mullen, 75 Misc. 303, 132 N.Y.S. 942; Clark v. Battagalia, 47 Pa.Super. 290; Fawver v. Fullingim, Tex.Civ.App., 149 S.W. 746; Berg v. San Antonio St. R. Co., 17 Tex.Civ.App. 291, 43 S.W. 929; and Lippincott v. Content, 123 N.J.L. 277, 8 A.2d 362, cited supra. In the Berg case it is said:

"In cases where he is to be paid upon the completion of the sale, the authorities are that the broker is nevertheless entitled to compensation if the sale was not completed because of the owner's inability to give a good title."

In 8 Am.Jur., p. 1099, it is said:

"If the contract of employment contains an express stipulation to the effect that the transaction to be negotiated must be consummated in order to entitle the broker to his commissions, a defect in his employer's title preventing consummation will obviously operate as a bar to the recovery of any compensation upon his part, irrespective of whether he knew, or should have known, of the existence thereof."

We agree that the stipulation in the contract before us would bar a recovery of the commission if it provided expressly that the sale must be consummated to entitle the broker to the commission. The question is whether the language of the present contract goes that far.

Discussing the effect of a stipulation that the commission is payable when the trade is consummated, the authors of Texas Jurisprudence say (7 Tex.Jur., p. 500): "As to whether the stipulation herein considered relieves the principal of liability where it appears that he was unable to complete by reason of defects in his title, is a question on which the decisions are apparently in conflict. The later authorities definitely announce or act on the rule that an express stipulation that commission is to be payable on consummation of the contract of sale or exchange is a bar to recovery by the broker if a defect in his employer's title has prevented consummation. In other words, while in the absence of such a stipulation the principal must show the broker's knowledge of the defect in order to defeat his claim for commission, these cases hold that the principal's defense is complete by proof of the stipulation mentioned without proof that the broker knew (or that the circumstances charge him with knowledge) of such defect. So, where commission was payable 'in case of trade being consummated,' the broker was held not to be entitled to commission where the wife of his principal refused to join in the conveyance, the property being her homestead."

We shall discuss the cases cited by the text in support of the quoted statement.

W. A. Lucas & Co. v. Thompson, Tex. Civ.App., 15 S.W.2d 123. The contract under consideration expressly provided that the commission should be paid only after the exchange of properties had been completely consummated. The Court of Civil Appeals held that the broker was not entitled to a recovery, citing an excerpt from 4 R.C.L. 313, which has been brought forward into American Jurisprudence, and which is quoted above. The Commission of Appeals (29 S.W.2d 1024, 1026) also denied the broker a recovery, but on a different ground, to-wit, that the owner had told the broker about the defects in title before the sale was made. The Commission discussed at length the general rule that the law will imply a representation by the owner to the effect that he had good title, saying:

"We have deemed it proper to make this restatement of the. rule, though we hold that it is not applicable in this case, for the reason that the Court of Civil Appeals in its opinion, quoted with approval from 4 R.C.L. 313, to the effect that if the contract of employment contains a stipulation that the transaction to be negotiated must be consummated in order to entitle the broker to his commission, the defect in his employer's title, preventing consummation, will operate as a bar to a recovery of any compensation, irrespective of whether the broker knew or should have known of the existence of such defect. The Court of Civil Appeals cites many authorities in support of the rule stated in Ruling Case Law, supra. An examination of these authorities will disclose the fact to be that it was the intention of the parties that a commission should not be payable, except and until the transaction, to be negotiated, had been consummated. We do not understand that the rule we have announced and the rule announced by the Court of Civil Appeals are in real conflict, but have thought it best to discuss this phase of the case in order to clarify the apparent conflict."

Appellant urgently insists that the two opinions in the Lucas case conclusively settle in appellant's favor the question now before us.

We think that the terms of the contract in the Lucas case were more favorable to the seller than are the terms of the contract before us, but we think it significant that the Commission of Appeals disposed of the case on a different ground from that relied on by the Court of Civil Appeals.

Smith v. Jones, Tex.Civ.App., 264 S.W. 573. Here neither of the parties to the trade promised to pay the broker any commission, but he was only to receive certain expected profits in the transaction if and when the transaction was consummated. The facts are altogether different from the facts now before us.

Crawford v. Woods, Tex.Civ.App., 185 S.W. 667, 668, writ refused. Recovery in this case seems to have been denied on the ground that the broker agreed with the principal that "no commission should be paid * * * unless the sale * * * was actually consummated by payment of the cash consideration and execution and delivery of the notes and deed on January 1, 1914." The court said in its opinion:

"If the contract read as indicated by the findings of fact, then it would ' seem that appellant agreed that he was to have no compensation if there was no sale of the property, regardless of the reason why the sale was not consummated."

■■ It seems to us that there is a distinction between a clause that merely provides that the commission shall be payable when the sale is closed, and a clause that provides that the sale must be closed before a commission shall be payable, or a provision that no commission shall be payable unless the sale is closed. We again refer to the opinion in Lippincott v. Content, 123 N.J.L. 277, 8 A.2d 362, where such a distinction is recognized by the court. There is also a distinction between the clause first mentioned, and a clause providing that the broker shall receive his commission direct from the buyer when the sale is closed, or directly out of the purchase price. In any case, we must examine the entire contract, and undertake to decide from the language of the contract whether the parties agreed that the commission should be payable only if the sale was closed, or whether the stipulation was only to the effect that the time of closing the sale should be the time for payment of the commission. In the latter situation, as we construe the authorities, the broker may collect his commission if failure to close the sale is attributable to defects in the seller's title. After careful consideration, we are of the opinion that the contract before us falls under the latter classification, and that the broker is entitled to his commission.

We therefore affirm the judgment of the trial court.