8 N.J. Super. 99 (1950)
73 A.2d 350
REAL ESTATE EXCHANGE, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MORRIS I. LIEBERMAN, CHARLOTTE LIEBERMAN, HIS WIFE, AND REBECCA LIEBERMAN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1950.
Decided May 24, 1950.
*100 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Irving I. Jacobs argued the cause for plaintiff-respondent.
Mr. M. Milton Singer argued the cause for defendants-appellants (Mr. Benjamin C. Kligerman, attorney).
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment entered in favor of the plaintiff in the Atlantic County District Court.
Plaintiff was engaged by the defendants as a real estate broker to produce a buyer for the defendants' apartment house for the sum of $28,000, upon which plaintiff was to receive a commission of 5%. Plaintiff subsequently found someone who was interested in buying the premises for $26,000. Defendants agreed to accept this offer provided plaintiff reduce its commission to $1,000. This plaintiff agreed to do.
*101 On March 15, 1948, a written agreement of sale was entered into between defendants and the proposed buyers. This agreement contained the following clause:
"A commission of $1000.00 shall be paid to the Real Estate Exchange of Atlantic City upon title passing."
At the time of settlement a question arose as to the marketability of title due to an easement vested in the United States Government. The buyers refused to accept title subject to this easement and final settlement did not take place.
As the parties were leaving the office of the title company, plaintiff's agent asked one of the defendants, "What about the commission due us?" One of the defendants answered, "Send me a bill." The defendants deny this conversation but the court found, as a fact, that the conversation took place.
Plaintiff mailed defendants a bill but defendants never did anything about it. Thereupon plaintiff instituted this suit in two counts, the first count "on account stated" and the second "on a book account."
The court entered a judgment for plaintiff in the sum of $1,000.
It is significant to note, at the outset, that the suit was not grounded on the writing incorporated in the agreement of sale between the defendants and the proposed buyers. Instead, it is grounded on an open account, the basis of which is the alleged oral promise of Mr. Lieberman, one of the defendants, after the broker had rendered his services. Such an oral promise is unenforceable by virtue of R.S. 25:1-9, which reads, in part, as follows:
"Except as herein otherwise provided, no broker or real estate agent selling or exchanging real estate for or on account of the owner shall be entitled to any commission for such sale or exchange, unless his authority therefor is in writing, signed by the owner or his authorized agent, or unless such authority is recognized in a writing or memorandum, signed by the owner or his authorized agent * * *."
The subsequent oral promise upon which plaintiff relies is entirely without consideration because all the services were *102 performed prior thereto. The statute does not say that "no action shall be maintained," but that "no broker or real estate agent selling or exchanging real estate for or on account of the owner shall be entitled to any commission for such sale or exchange, unless his authority therefor is in writing * * *." Stout v. Humphrey, 69 N.J.L. 436 (E. & A. 1903). The statute declares a public policy, viz., in the absence of a written contract there shall be no right to compensation for services.
Even assuming, however, that the suit was grounded on the written memorandum in the agreement of sale, plaintiff is not entitled to recover.
Generally, the right of the broker to commissions is complete when he has procured a purchaser who is willing and able to conclude a bargain on the terms on which the broker was authorized to sell. Hinds v. Henry, 36 N.J.L. 328 (Sup. Ct. 1873). Steinberg v. Mindlin, 96 N.J.L. 206 (E. & A. 1921). The broker, however, may, by special agreement with his principal, contract so as to make his compensation dependent on a contingency which his efforts can not control, even though it relate to an act of the principal. A contract of that kind is binding, and no action can be maintained until the contingency has arisen. Hinds v. Henry, supra.
Though the language in the instant case does not possess the fullest degree of precision, it nevertheless appears, from the reservation in the agreement, that the commission was to be paid "upon title passing." A case in point is Lippincott v. Content, 123 N.J.L. 277 (E. & A. 1939).
By the specific language in the agreement, in the instant case, passing of title constituted a part of requisite performance. Omission of this element left the claim of the broker incomplete.
The judgment under review is reversed.