13 N.J. Super. 534 (1951)
81 A.2d 17
CARMINE RICHARD, PLAINTIFF-APPELLANT,
v.
DOMINICK FALLETI AND HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 16, 1951.
Decided May 9, 1951.
*535 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. George A. Smith argued the cause for the appellant (Messrs. Conkling, Smith & Towe, attorneys).
Mr. Albert L. Zorn argued the cause for the respondents (Messrs. Hirschberg, Nashel, Zorn & Cronson, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The appellant, a real estate broker, sues for the unpaid half of a commission earned on the sale of land. The trial court held that plaintiff's right was contingent on delivery of the deed and rendered judgment for defendants inasmuch as the deed had not been delivered.
By the contract between the parties to the action, the defendant agreed to pay a commission of $750 "in consideration *536 of services rendered in connection with the sale" of defendants' premises; "said commission to be paid one-half on signing agreement for sale of property and the balance on delivery of deed." The agreement of sale was signed the same day and $3,000 on account of the purchase price was paid. At the same time, the defendants paid plaintiff $375, being one-half the stipulated commission. Two and one-half months later  time having been made of the essence  defendants tendered the deed, but the buyer failed to pay the purchase price, "stating that he did not have in hand funds necessary to perform on his part." And so there was no delivery of deed.
It is familiar law that in the absence of a special agreement, a broker earns his commission when he produces a customer able and willing to buy the property upon the seller's terms. The broker is entitled to a commission if the seller accepts the broker's customer and enters into a binding contract with him, even though the buyer eventually proves to be financially unable to carry out the purchase. Freeman v. Van Wagenen, 90 N.J.L. 358 (Sup. Ct. 1917); Matz v. Bessman, 1 N.J. Misc. 5 (Sup. Ct. 1923); Brindley v. Brook, 10 N.J. Misc. 612 (Sup. Ct. 1932). The rule is the same in other jurisdictions. 12 C.J.S., Brokers, § 85, p. 188. The broker and his employer may, however, by the use of appropriate language, make the broker's right to a commission depend upon a future happening, such as the actual passage of title from vendor to purchaser.
Our leading case on the subject is Hinds v. Henry, 36 N.J.L. 328 (Sup. Ct. 1873). There the vendor formally acknowledged himself indebted to the broker in a certain sum payable "the first half thereof at the time the purchasers shall pay over the first half of the purchase money, and the balance at the expiration of one year from the date of the deed." The purchasers refused to accept title and the broker sued for his commission but the court, in an opinion by Justice Depue, held he was not entitled because the debt was payable only on a contingency which had not arisen. To the same effect are Morse v. Conley, 83 N.J.L. 416 (Sup. Ct. 1912), where the *537 commission was payable "for services in the matter of the consummation of the sale, at the time of the consummation of the same," and Leschziner v. Bauman, 83 N.J.L. 743 (E. & A. 1912), where the contract called for payment "on the day of passing title, on July 15th." In Simon v. Garber, 3 N.J. Misc. 150 (Sup. Ct. 1925), the agreement to pay a commission was contained in the contract of sale: "said commission to be paid in consideration of services rendered in consummating this sale; said commission to be paid upon delivery of deed." And the court held that the right to commissions was contingent upon the delivery of the deed. In Lippincott v. Content, 123 N.J.L. 277 (E. & A. 1939), the language was much the same: "said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable upon closing title." Again, the court held that actual passing of title was a necessary condition precedent to the broker's right to recover. Likewise in Real Estate Exchange v. Lieberman, 8 N.J. Super. 99 (App. Div. 1950), where the owner agreed that the commission "shall be paid to the Real Estate Exchange of Atlantic City upon title passing," the court decided that "passing of title constituted a part of requisite performance." These cases seem to be in harmony with the majority of American decisions. See annotations in 51 A.L.R. 1399 and 73 A.L.R. 929. Amies v. Wesnofske, 174 N.E. 436; 73 A.L.R. 918 (N.Y. 1931) is in its facts very close indeed to the case before us.
Now contrast the following cases with those above cited. Lehrhoff v. Schwartsky, 2 N.J. Misc. 353 (Sup. Ct. 1924), on an agreement to pay a commission "for services rendered in the sale of premises * * * said amount to be paid * * * on the date of closing title." Although title never passed, the broker recovered a judgment which was affirmed on the appeal, for "the payment of commissions was not made dependent upon the actual passing of title." In Mahlenbrock v. Stonehell Realty Co., 104 N.J.L. 176 (E. & A. 1927), a clause in the agreement of sale read: "Harry Mahlenbrock was the *538 agent who consummated this sale and that there is due to him a commission of $1,750 payable at the conveyance of the premises." After the purchaser refused to accept the title, the broker sued and recovered. The court held that "The broker's commission was not made contingent upon the actual transfer of title." And in Kram v. Losito, 105 N.J.L. 588 (E. & A. 1929), the defendant, the vendor, agreed to pay the commission "upon the execution and payment by the above-mentioned purchasers of the balance of the initial payment of the purchase price of five thousand dollars." The court said "that where there is an agreement to pay commission and the date of payment is set for a future event, the happening of the event is not a condition unless directly or impliedly made so in the agreement." The court affirmed judgment for the broker, saying, "The time having arrived when the commission should have been paid, the respondent's right of action accrued." J.R. Tucker, Inc. v. Mahaffey, 6 N.J. Misc. 17 (Sup. Ct. 1928), dealt with an agreement for a commission "to be due and payable at time of final settlement." The court held that "this in nowise made the payment of the commission contingent upon the settlement. It merely fixed a date when the commission earned shall be paid. In the agreement between the vendors and vendee, the time of settlement was fixed for March 23, 1926, and that date was the time when it was intended that payment of the commission, earned by the broker, became due and payable. The fact that the settlement did not take place on that date, or that the date of final settlement was postponed to a later date, or never took place at all, cannot operate to defeat the broker's claim to the commission earned by it. The writing given by the appellants to the respondents in express terms recognizes that the latter earned its commission, and simply fixed a date when payment shall become due."
Even in Lippincott v. Content, supra, while the broker lost the action, the court said that "a clause to the effect that the commission is payable upon closing title merely fixes the time for payment of the commission."
*539 The cases last cited are in accord with the rule governing contracts generally: Where a debt has arisen, liability will not be excused because, without fault of the creditor and due to happenings beyond his control, the time for payment, as fixed by the contract, can never arrive. Restatement, Contracts, § 301; Williston, Contracts, § 799; Goldfarb v. Cohen, 102 A. 649 (Conn. 1917).
The second group of cases cited, those decided in favor of the broker, govern us. We think that Hinds v. Henry, supra, did not construe the contract that was before the court, as it would be construed today. The other cases cited where judgment went against the broker, may be distinguished. Morse v. Conley, Simon v. Garber and Lippincott v. Content seem to depend upon the expression, consummation of the sale, which was taken to mean delivery of the deed and payment of the purchase price, and thus the result was reached that the full agreed consideration for the commission had not been rendered. In Leschziner v. Bauman and Real Estate Exchange v. Lieberman, the promise to pay the commission was directly tied to the event of title passing; there was no separate, unqualified agreement to pay. While these distinctions may seem over-nice, it must be remembered that they grow from the ambiguous language used by the parties in contracting.
In the instant appeal, the broker completed performance on his part when he induced the purchaser to sign the agreement of sale. He was under no duty to assist at the closing of title. The promise to pay him a commission was not in form conditional: "We hereby agree to pay to Carmine Richard a commission in the amount of $725." The clause fixing the time for payment is independent, separated by a semicolon from the agreement to pay,  "said commission to be paid one-half on signing of Agreement of Sale and the balance on delivery of deed." We are satisfied that the obligation to pay was not made contingent on delivery of the deed. The commission fell due when it became evident that the buyer could not or would not pay for the land.
The judgment is reversed.