Joseph **DAL MASO** and Leo Dal Maso,
Appellants,

v.

**Cicily M. GREGORY, Appellee.**

**No. 1610.**

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 28, 1955.

Decided April 7, 1955.

Bernard H. Conn, Washington, D. C., for appellants.

E. A. Mooers, Jr., Washington, D. C., with whom Edwin Marmorstone, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment in favor of appellee, a real estate broker, for $700, representing a balance she claimed to be due on a commission for procuring a purchaser for appellants' real estate. Most of the facts are undisputed. Appellants sold their property to a purchaser procured by the broker. The sale price was $62,500, of which $52,392.27 was represented by a second deed of trust note payable in monthly installments of $225, plus additional payments of $4,500 thirteen months after date and $5,000 yearly thereafter until paid.

The contract of sale, in reference to the broker's commission, stated "Separate Agreement." The day after execution of the contract of sale appellants wrote the following letter to the broker:

"This will confirm our agreement regarding the commission you are to receive for your services * * *.

"We will pay you five hundred dollars ($500.00) at date of settlement, one hundred dollars ($100.00) per month, and interest at five percent of the unpaid balance, for thirteen months, and seven hundred dollars ($700.00) and interest upon receipt by us of the forty five hundred dollars ($4,500.00) due from the purchasers thirteen months after date of settlement."

At the bottom of the letter was a line for the broker's signature after the word "Approved," and she indicated her approval by signing her name. She was paid $500 at settlement and $1,300 thereafter. Appellants refused to pay the $700 referred to in the letter and this suit was brought for that amount.

Appellants' refusal to pay the $700 was based on the fact that the purchaser defaulted in payments under the second deed of trust and appellants never received the payment of $4,500 provided for therein.

█ Appellee contends that since the entire transaction occurred in the State of Maryland her rights are controlled by Article 2, § 17, Maryland Annotated Code 1951. That statute is applicable only "in the absence of special agreement to the contrary." Here there was a special agreement, signed by the parties, and their rights are fixed by their agreement. The case turns upon construction of that agreement.

The broker says she was entitled to a commission of $2,500 and that the terms of the agreement did nothing more than fix the time for payment, and did not impose any limitation on her right thereto. See Deibler v. Graham, D.C.Mun.App., 62 A.2d 553. Appellants, conceding that the agreement unconditionally provided for payment of $500 and $1,300, contend that payment of the $700 was conditional and contingent upon receipt by them of the $4,500 payment from the purchaser.

█ The general rule is that a broker's right to a commission may be made dependent or contingent upon the fulfillment of conditions such as the payment of the purchase price or the consummation of the transaction. 12 C.J.S., Brokers, § 95.

█ The broker argues that if the written agreement imposed any limitation on her right to the commission or any part of it, she was not bound thereby because the agreement was executed after her services were performed and therefore lacked consideration. However, it is evident from the record that appellants never authorized the broker to procure a purchaser on definite terms, and that when the broker produced the prospective buyer both the price and terms were open to negotiation. According to the broker's own testimony appellants consented to accept the contract with its small cash payment only upon her agreement to accept a commission of $2,500. Thus the broker was entitled to no commission until appellants accepted the contract and then only to such commission as the parties had agreed upon. There was ample consideration for the agreement. It is also evident that the parties, having reached an oral agreement respecting the commission, intended to and did put their agreement in writing. The broker places some reliance

on an unsigned, undated memorandum in the handwriting of one of appellants, but it is clear that this memorandum, like the oral agreement, was but preliminary to the written agreement. It is our opinion, as before stated, that the rights of the parties were fixed by their agreement, and the only question is whether appellants unconditionally agreed to make the $700 payment or whether this payment was conditioned on receipt by them of the $4,500 payment from the purchaser.

■ The operative words of the agreement state a promise to pay $500 at settlement, $100 per month for thirteen months, and $700 "upon receipt by us of the forty five hundred dollars ($4,500.00) due from the purchasers thirteen months after date of settlement." The promise to pay the $700 is directly and grammatically linked with the receipt by appellants of a specified payment from the purchaser at a future specified time. In our opinion the payment of $700 to the broker was contingent upon receipt of $4,500 from the purchaser. To hold otherwise would require us to ignore the words "upon receipt by us of the $4,500 due from the purchaser," and to construe the agreement as one to pay $700 "thirteen months after date of settlement." This we cannot do. We have here a promise to pay on a condition which was not fulfilled. See Amies v. Wesnofske, 255 N.Y. 156, 174 N.E. 436, 73 A.L.R. 918, and annotation following.

This case is obviously different from those in which there is an unqualified promise to pay a definite amount, followed by a provision as to time of payment. Cf. Richard v. Falleti, 13 N.J.Super. 534, 81 A.2d 17. Here the agreement contained no acknowledgment of $2,500 being due the broker and no unqualified promise to pay such sum. Indeed, the agreement does not even mention $2,500. While the amounts mentioned in the agreement add up to $2,500, it is clear that payment of the mentioned amount of $700 is made contingent upon the happening of a future event.

■■ · The broker contends that even if her right to the $700 was contingent on ap-

pellants' receipt of the $4,500 from the purchaser, the appellants were under a duty to use due diligence and make reasonable efforts to collect the $4,500, and that the record discloses they failed to do so. The general rule is that where a commission is contingent upon compliance by the purchaser, in the absence of such compliance the seller is not liable to pay the commission if he remains passive and neutral and does not actively hinder or prevent performance. 12 C.J.S., Brokers, § 95(b) (1). A "vendor of land is under no obligation to hold or to sue a defaulting vendee, though a broker's commission may incidentally be lost in the controversy." Sweet v. H. R. Howenstein Co., 64 App.D.C. 20, 73 F.2d 660, 661. See also Hamrick v. Cooper River Lumber Co., 223 S.C. 119, 74 S.E.2d 575. Aside from that rule, we think the record shows reasonable efforts on the part of appellants to enforce compliance with the contract.

For the reasons stated above, judgment is reversed with instructions to enter judgment for appellants.