40 N.J. Super. 58 (1955)
122 A.2d 180
BERT CLARK, PLAINTIFF-RESPONDENT,
v.
MARSHALL W. JELSMA AND LILY E. JELSMA, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1955.
Decided November 18, 1955.
*59 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Lester J. Kramer argued the cause for the respondent.
Mr. Howard Stern argued the cause for the appellants (Mr. Joseph V. Fumagalli, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
Plaintiff, a real estate broker, was granted a judgment for commissions adjudged as earned by the production of a buyer for defendants' property. The appeal is predicated upon the assertion that the liability for commissions was contingent upon the passing of title, an event which did not take place.
There is no doubt that defendants engaged plaintiff orally to find a purchaser for their property. Clark induced a prospective buyer to sign an informal memorandum agreement to buy at the price fixed "subject to purchasers obtaining and qualifying for mortgage loan in amount of $12,500.00 to be arranged by Bert Clark within 10 days from above date: * * *." (Emphasis added.)
At the foot of this memorandum (which provided for the preparation and execution of a formal contract) the defendants-owners endorsed their acceptance of the price and terms and a clause recognizing Clark as the broker and agreeing to pay a commission of 5%. Within the ten-day period Clark was able to procure a preliminary commitment for *60 a mortgage. The formal contract was then drawn by Clark and executed.
The final agreement contained no reference to the mortgage condition. Apparently the parties believed that the arrangements made by the broker would result in the actual grant of a mortgage. However  and perhaps because the mortgage was not considered "obtained" until the transaction was concluded at the passing of title, although there is no specific proof on the subject  Clark wrote the broker recognition clause as follows:
"And the seller hereby agrees to pay Bert Clark, Realtor a commission of 5% on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable upon the execution of the deed." (Emphasis added.)
Thereafter, the intending mortgagee declined to grant the loan because after search the title was found to be defective. As a result, the closing never took place. Then, upon refusal by defendants to pay the broker's commission, this action was brought.
It is a commonplace of this phase of the law that a real estate broker becomes entitled to his commission upon the production of a purchaser able and willing to buy the property upon terms authorized by the seller. Lippincott v. Content, 123 N.J.L. 277 (E. & A. 1939). Inability of the vendor to convey good title would not extinguish this liability. Ludwig v. Aberbach, 4 N.J. Misc. 169 (Sup. Ct. 1926).
However, by special agreement between the parties and the use of appropriate language the broker's right to commissions may be made to depend upon some additional circumstance such as the passing of title. Richard v. Falleti, 13 N.J. Super. 534 (App. Div. 1951); Lippincott v. Content, supra, 123 N.J.L., at page 279.
The owners contend that by virtue of the language used by Clark himself in drafting the formal contract of sale, any obligation to him was made contingent upon the execution of the deed  meaning the closing of title.
*61 The leading cases in this State as to the absolute or conditional character of a claim for commissions were digested and discussed by Judge Bigelow in Richard v. Falleti, supra, and further review of them is unnecessary.
Two of the cases referred to there, Lippincott v. Content, supra, and Simon v. Garber, 3 N.J. Misc. 150 (Sup Ct. 1925), are very much in point. In both of them recovery by the broker was denied.
The language of the contract in Lippincott v. Content is reproduced because of its identity for all practical purposes with that employed by Clark in expressing the nature of his right here:
"And the Seller hereby agrees to pay to G. Howard Lippincott a commission of 5% on the purchase price aforesaid, said commission to be paid in consideration of services rendered in consummating this sale; said commission to become due and payable upon closing title." (Emphasis added.)
The Court of Errors and Appeals in interpreting the language said:
"By the specific clauses of the contract in the present case the closing of title was made not simply a chronological marking, but constituted a part of requisite performance." 123 N.J.L., at page 280.
In addition, the opinion indicated that the conclusion was in accord with the significance that the parties themselves appeared to have given the language by their own acts and conduct. In our case the situation with respect to the procurement of a mortgage, the apparent realization that the transaction could not be completed without the mortgage, and the drafting of the contract by the broker who could have protected himself readily by adequate language, if payment of commissions were not to depend upon closing of title, suggests the same factual viewpoint.
Winter v. Toldt, 32 N.J. Super. 443 (App. Div. 1954), is relied upon by the plaintiff. There the words of the commission clause were identical to all intents and purposes *62 with those in Lippincott v. Content, and in the present instance. The right of the broker was sustained, the court holding that the terms "sale" and "conveyance" are not synonymous in the absence of actual compact to that effect. So it declared that a stipulation to pay commissions for "services rendered in consummating this sale" is not the same as one agreeing to compensate for services rendered "in consummating this conveyance." The former created a liability upon the execution of the purchase contract, even though accompanied by the statement "said commission to become due and payable upon the execution of the deed and the closing of title."
There was no appearance for the respondent on the appeal and it seems quite apparent that Lippincott v. Content was not cited to the court for it is not mentioned, neither distinguished nor explained. However, in the circumstances stated and in view of Alnor Construction Co. v. Herchet, 10 N.J. 246, 252-255 (1952), we feel obliged to follow the doctrine of the Court of Errors and Appeals in that case.
Accordingly, the judgment is reversed and the cause remanded for entry of judgment for the defendant.